2016 PA Super 118

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD ELIAS MARTINEZ, | |
| Appellant | No. 1672 MDA 2015 |

Appeal from the Judgment of Sentence April 5, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000819-2012

BEFORE: SHOGAN, OTT, and STRASSBURGER,* JJ.

OPINION BY SHOGAN, J.:                    **FILED JUNE 10, 2016**

Appellant, Richard Elias Martinez, appeals from the judgment of sentence entered April 5, 2013. After careful consideration, we vacate and remand.

On May 30, 2012, Appellant was charged with thirteen counts of robbery, four counts of terroristic threats, three counts of theft by unlawful taking, three counts of receiving stolen property, one count of aggravated assault, and two counts of simple assault. Appellant entered an open *nolo contendere* plea on September 21, 2012, on all counts and was sentenced on November 13, 2012, to an aggregate term of eight to sixteen years in a

_____

* Retired Senior Judge assigned to the Superior Court.

state correctional institution. On November 19, 2012, the Commonwealth filed a post-sentence motion, requesting that the sentencing court apply the deadly weapon enhancement to Appellant's sentence.

On December 11, 2012, the trial court entered an order scheduling a hearing on the post-sentence motion for December 27, 2012. The record reflects that on December 19, 2012, an order was issued by the trial court directing the Sheriff of Centre County to produce Appellant at the December 27, 2012 hearing. On January 16, 2013, the trial court entered an order granting the Commonwealth's post-sentence motion, stating the following: "the Commonwealth's Post-Sentence Motion is hereby GRANTED and [Appellant] shall be resentenced." Order, 1/16/13. Additionally, the order scheduled the resentencing hearing for February 26, 2013. *Id.*

The record is devoid of any further information regarding the scheduled February 26, 2013 resentencing hearing. Of particular note is the fact that the record does not contain an order directing the Sheriff to produce [Appellant] from the State Correctional Institution on that date. Thus, although unclear from the record as to the reason, it is apparent that the resentencing hearing did not take place on February 26, 2013.[1]

_____

[1] The Commonwealth and Appellant also indicate that the resentencing hearing did not take place on February 26, 2013. Commonwealth's Brief at 3, 8-9; Appellant's Brief at 12.

The next docket entry is an order entered March 7, 2013, in which the trial court directed that Appellant be transported from the State Correctional Institution for his resentencing hearing scheduled for April 5, 2013. Order, 3/7/13. Following the hearing, the trial court resentenced Appellant, in accordance with the deadly weapon enhancement, to an aggregate sentence of ten and one-half to twenty-one years of imprisonment. N.T., 4/5/13, at 12-17; sentencing orders, 4/5/13, amended sentencing order, 5/2/13. On the same date, the trial court issued an order vacating Appellant's original sentence imposed on November 13, 2012. Order, 4/16/13.

Appellant was represented by Attorney Tami Fees at the time. Ms. Fees filed a timely notice of appeal to this Court. The appeal was docketed at 940 MDA 2013. Because counsel failed to file a brief, however, Appellant's direct appeal was dismissed by this Court on November 8, 2013. Order, 11/8/13.

On December 2, 2014, Appellant filed a *pro se* Motion for Post-Conviction Relief. Appellant was appointed new counsel. Appellant's direct appeal rights were reinstated *nunc pro tunc* on September 18, 2015 and Appellant filed a notice of appeal on September 28, 2015.[2] Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925.

_____

[2] Although Appellant purports to appeal from the September 18, 2015 order reinstating his direct appeal rights, Appellant's appeal properly lies from the
*(Footnote Continued Next Page)*

Appellant presents the following issue for our review:

Does a sentencing court lack jurisdiction to vacate a sentence it had lawfully imposed and resentence a defendant pursuant to a Commonwealth post-sentence motion where more than 120 days had elapsed from the filing of that motion?

Appellant's Brief at 8.

Appellant argues that the trial court lacked jurisdiction to resentence Appellant on April 5, 2013. Appellant's Brief at 16. Appellant argues that because Pa.R.Crim.P. 721 requires disposition of a post-sentence motion within 120 days of the filing of the motion, a resentencing must occur within that time limitation. *Id.* at 15. Appellant cites to Pa.R.Crim.P. 721(C)(2) in support of his argument that a Commonwealth's post-sentence motion must be fully resolved within 120 days of its filing. *Id.* at 14. Here, the Commonwealth's post-sentence motion was filed November 19, 2012, and the trial court did not vacate the original sentence or resentence Appellant until April 5, 2013, which was 137 days after the motion was filed. *Id.* at 16. Thus, Appellant asserts that the court lacked jurisdiction to impose the April 5, 2013 sentence, and therefore, the sentence was illegal and must be vacated. *Id.* at 16.

Because Appellant argues that the trial court lacked jurisdiction to impose a new sentence at the resentencing hearing on April 5, 2013,

*(Footnote Continued)* ───────────────

judgment of sentence entered on April 5, 2013. The caption properly reflects that date.

- 4 -

Appellant's challenge is to the legality of the sentence imposed. ***See***

***Commonwealth v. Tobin***, 89 A.3d 663, 668 (Pa. Super. 2014) ("The two

most basic and classic examples of an illegal sentence are sentences that

exceed the statutory maximum and a sentence imposed by a court without

jurisdiction."). When examining a challenge to the legality of a sentence,

our scope and standard of review are as follows:

> A claim that implicates the fundamental legal authority of
> the court to impose a particular sentence constitutes a challenge
> to the legality of the sentence. If no statutory authorization
> exists for a particular sentence, that sentence is illegal and
> subject to correction. An illegal sentence must be vacated.
> When the legality of a sentence is at issue on appeal, our
> standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Catt***, 994 A.2d 1158, 1160 (Pa. Super. 2010) (*en banc*)

(internal citations and quotation marks omitted).

Rule 721 of the Pennsylvania Rules of Criminal Procedure sets forth

the procedure for Commonwealth challenges to an appellant's sentence.

> **Rule 721. Procedures for Commonwealth Challenges to
> Sentence; Sentencing Appeals**
>
> **(A) Commonwealth Challenges to Sentence**
>
> (1) The Commonwealth may challenge a sentence by filing a
> motion to modify sentence, by filing an appeal on a preserved
> issue, or by filing a motion to modify sentence followed by an
> appeal.
>
> (2) Sentencing issues raised by the Commonwealth at the
> sentencing proceeding shall be deemed preserved for appeal
> whether or not the Commonwealth elects to file a motion to
> modify sentence on those issues.
>
> **(B) Timing**

(1) *Motion for Modification of Sentence*. A Commonwealth motion for modification of sentence shall be filed no later than 10 days after imposition of sentence.

* * *

**C) Trial Court Action; Disposition.** If the attorney for the Commonwealth files a timely motion for modification of sentence pursuant to paragraph (A)(1), the judge shall dispose of the motion as provided in this paragraph.

(1) If the defendant has filed a post-sentence motion, the judge shall not vacate sentence but shall decide the Commonwealth's motion and the defendant's post-sentence motion simultaneously. The Rule 720(B)(3) time limits for deciding the defendant's post-sentence motion, including the automatic denial provisions, shall apply to the disposition of the Commonwealth's motion. The starting date for disposition of both motions shall be the date on which the defendant filed the post-sentence motion.

(2) If the defendant has not filed a post-sentence motion, the judge shall not vacate sentence but shall decide the Commonwealth's motion within 120 days of the filing of the motion. If the judge fails to decide the Commonwealth's motion within 120 days, the motion shall be deemed denied by operation of law.

Pa.R.Crim.P. 721.

The Comment to Rule 721 provides, in relevant part, as follows:

*Trial Court Action*

Paragraph (C) sets forth the procedures for trial court action on the Commonwealth's motion for modification. Key to the timing of the judge's decision on the Commonwealth's motion is whether the defendant files a post-sentence motion.

* * *

*Rule 720 Motion Not Filed*

- 6 -

When the defendant has not filed a post-sentence motion, the disposition of the Commonwealth's motion is governed by paragraph (C)(2). The judge may not vacate sentence, but has 120 days to decide the Commonwealth's motion or the motion is deemed denied by operation of law. **If the judge decides the motion within the 120-day limit and then agrees to reconsider, the reconsideration must be resolved within the original 120-day time limit.** The judge may not vacate sentence in order to reconsider the motion or otherwise use the reconsideration period to extend the 120-day time limit. It follows that even if the defendant has filed a notice of appeal, the procedural exceptions provided in Pa.R.A.P. 1701(b)(3) do not apply to challenges to sentences.

Pa.R.Crim.P. 721, cmt. (emphasis added).

Here, the Commonwealth timely filed its post-sentence motion within ten days of sentencing. Additionally, the Commonwealth preserved its issue seeking application of the deadly weapon enhancement by raising it at the time of sentencing and in its post-sentence motion. Thus, the question becomes whether the trial court had jurisdiction to resentence Appellant beyond the 120-day limit set forth in Pa.R.Crim.P. 721.

While Pa.R.Crim.P. 721(C)(2) provides that the trial court must "**decide** the Commonwealth's motion within 120 days of the filing of the motion", the Comment to Rule 721 makes clear that not only does the trial court need to decide the Commonwealth's post-sentence motion within the 120 day period, but the trial must **resolve** the motion for reconsideration within the original 120-day time limit. Pa.R.Crim.P. 721(C)(2); Pa.R.Crim.P. 721, cmt. (emphasis added). Additionally, the comment provides that the trial court is not permitted to vacate the sentence within the 120-day time

limit for purposes of extending the original 120-day time limit to further decide the motion. Thus, it is not enough for a trial court in this situation to grant the Commonwealth's post-sentence motion within the original 120-day time limit; the trial court is required to **resolve** the motion for reconsideration within 120 days. Otherwise, the post-sentence motion is deemed denied by operation of law pursuant to Pa.R.Crim.P. 721(C)(2).

Of further support for this conclusion is Pa.R.Crim.P. 720, addressing post-sentence procedures, and its comment. Pa.R.Crim.P. 720 provides, in relevant part, as follows:

> **Rule 720. Post-Sentence Procedures; Appeal**
>
> * * *
>
> **(B) Optional Post-Sentence Motion.**
>
> * * *
>
> (3) *Time Limits for Decision on Motion*. The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.
>
>> (a) Except as provided in paragraph (B)(3)(b) [allowing for the judge to grant one 30-day extension upon motion of the defendant for good cause shown], the judge shall decide the post-sentence motion, **including any supplemental motion**, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.

Pa.R.Crim.P. 720(B)(3)(a) (emphasis added).

Additionally, the comment to this section provides, in relevant part, as follows:

*Disposition*

Under paragraph (B)(3), once the defendant makes a timely written post-sentence motion, the judge retains jurisdiction for the duration of the disposition period. The judge may not vacate the order imposing sentence pending decision on the post-sentence motion. This is so whether or not the Commonwealth filed a motion to modify sentence. *See* Rule 721.

Paragraph (B)(3)(b) permits one 30-day extension of the 120-day time limit, for good cause shown, upon motion of the defendant. In most cases, an extension would be requested and granted when new counsel has entered the case. Only the defendant or counsel may request such an extension. **The judge may not, *sua sponte*, extend the time for decision: a congested court calendar or other judicial delay does not constitute "good cause" under this rule.**

The possibility of an extension is not intended to suggest that 120 days are required for decision in most cases. The time limits for disposition of the post-sentence motion are the outer limits. Easily resolvable issues, such as a modification of sentence or a guilty plea challenge, should ordinarily be decided in a much shorter period of time.

If the trial judge decides the motion within the time limits of this rule, the judge may grant reconsideration of the post-sentence motion pursuant to 42 Pa.C.S. § 5505 or Pa.R.A.P. 1701.1, but the judge may not vacate the sentence pending reconsideration. Rule 720(B)(3). The reconsideration period may not be used to extend the timing requirements set forth in paragraph (B)(3) for decision on the post-sentence motion; the time limits imposed by paragraphs (B)(3)(a) and (B)(3)(b) continue to run from the date the post-sentence motion was originally filed. The trial judge's reconsideration must therefore be **resolved** within the 120-day decision period of paragraph (B)(3)(a) or the 30-day extension period of paragraph (B)(3)(b), whichever applies. **If a decision on the reconsideration is not reached within the appropriate period, the post-**

> **sentence motion, including any issues raised for reconsideration, will be denied pursuant to paragraph (B)(3)(c)**.

Pa.R.Crim.P. 720, cmt. (emphasis added).

Thus, as this Court has explained: "a trial court's authority to rule on a post-sentence motion is finite in nature. To be more specific, a trial court 'retains jurisdiction' to rule on a post-sentence motion only 'for the duration of the disposition period' as set forth in subsection 720(B)(3)." **See Commonwealth v. Bentley**, 831 A.2d 668, 670 (Pa. Super. 2003) (citing Pa.R.Crim.P. 720, cmt., "DISPOSITION"). Indeed, this Court has consistently held that an order issued by the trial court after expiration of the 120-day time limit, resulting in the denial of the post-sentence motion by operation of law, is a legal nullity due to the court's lack of jurisdiction. **See Bentley**, 831 A.2d at 670 (trial court's failure to render a ruling on defendant's post-sentence motion within the prescribed 120-day time period divested the court of jurisdiction to render a decision at a later date); **Commonwealth v. Santone**, 757 A.2d 963, 966 (Pa. Super. 2000) (trial court's modification order issued beyond the time period set forth in Pa.R.Crim.P. 1410, renumbered Pa.R.Crim.P. 720 (amended March 1, 2000, effective April 1, 2001), was a legal nullity because the court no longer had jurisdiction to issue the modification order).

Furthermore, in **Santone**, this Court reiterated that under Rule 720, the trial court may not *sua sponte* extend the 120-day limit. **Santone**, 757

A.2d at 965. Indeed, the court may extend the 120–day period only upon motion by the defendant, for good cause shown. Pa.R.Crim.P. 720(B)(3)(b).

In the case *sub judice*, the Commonwealth filed its post-sentence motion on November 19, 2012. Accordingly, the 120-day time period during which the trial court had authority to act upon the post-sentence motion expired on March 19, 2013. Thus, the trial court was required to entirely resolve the Commonwealth's post-sentence motion by March 19, 2013. As stated, the trial court did not vacate Appellant's original sentence or resentence Appellant until April 5, 2013, which was 137 days after the Commonwealth filed its post-sentence motion. Because the trial court did not resolve the Commonwealth's post-sentence motion within the original 120-day time limit, the post-sentence motion was denied by operation of law on March 19, 2013, pursuant to Pa.R.Crim.P. 721(C)(2).[3] Accordingly, the trial court lacked jurisdiction to vacate Appellant's original sentence and resentence Appellant on April 5, 2013.[4] "Where there is no jurisdiction, there is no authority to pronounce judgment." **Santone**, 757 A.2d at 966.

---

[3] As noted, Pa.R.Crim.P. 720(B)(3)(c) allows for the trial court to grant one thirty-day extension, upon motion of only the defendant within the 120-day time period, for good cause shown. There is no indication in the record that Appellant requested such an extension, nor do the parties represent that as being the case.

[4] We also recognize that 42 Pa.C.S. § 5505 provides courts with statutory authority to modify or rescind any order within thirty days if no appeal has been taken. In Appellant's case, the court imposed the original sentence on
*(Footnote Continued Next Page)*

Judgment of sentence entered April 5, 2013, vacated. Case remanded for reinstatement of original sentence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

November 13, 2012, and entered the order modifying the sentence on April 5, 2013. As such, section 5505 does not apply here because the order modifying Appellant's sentence was entered after the statutory thirty–day window.