J-S84012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MYRON WATSON, | |
| Appellant | No. 1017 EDA 2016 |

Appeal from the PCRA Order of March 10, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002273-2005

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:　　　　　　　　**FILED JANUARY 31, 2017**

Appellant, Myron Watson, appeals from the order entered on March 10, 2016, dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and procedural history of this case are as follows.  On October 26, 2004, the 16-year-old female victim was babysitting Laquandra Toodles' ("Toodles") children at Toodles' residence. Appellant entered the residence and discovered that drugs he stored at Toodles' residence were missing.  Eventually, Appellant and two other individuals forced the victim into a vehicle and drove her to Philadelphia. She was taken to a basement where Appellant interrogated her about his missing drugs.  During this interrogation, Appellant struck the victim with a

* Retired Justice specially assigned to the Superior Court

handgun and threatened to kill her if she did not reveal the location of his drugs. After this questioning, Appellant took the victim back to Toodles' residence and handcuffed her to a banister. Eventually, Toodles' daughter gave the victim a telephone so that she could call 911.

On August 31, 2005, Appellant was convicted of simple assault,[1] conspiracy to commit simple assault,[2] recklessly endangering another person,[3] conspiracy to commit recklessly endangering another person,[4] making terroristic threats,[5] conspiracy to commit making terroristic threats,[6] kidnapping,[7] conspiracy to commit kidnapping,[8] unlawful restraint,[9] conspiracy to commit unlawful restraint,[10] false imprisonment,[11] and

---

[1] 18 Pa.C.S.A. § 2701(a).

[2] 18 Pa.C.S.A. §§ 903, 2701(a).

[3] 18 Pa.C.S.A. § 2705.

[4] 18 Pa.C.S.A. §§ 903, 2705.

[5] 18 Pa.C.S.A. § 2706(a)(1).

[6] 18 Pa.C.S.A. §§ 903, 2706(a)(1).

[7] 18 Pa.C.S.A. § 2901(a)(1).

[8] 18 Pa.C.S.A. §§ 903, 2901(a)(1).

[9] 18 Pa.C.S.A. § 2902(a)(1).

[10] 18 Pa.C.S.A. §§ 903, 2902(a)(1).

[11] 18 Pa.C.S.A. § 2903(a).

conspiracy to commit false imprisonment.[12]  On December 6, 2005, the trial court sentenced Appellant to an aggregate term of 20 to 40 years' imprisonment.

On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied allowance of appeal.  *Commonwealth v. Watson*, 105 A.3d 27, 2014 Pa. Super. Unpub. Lexis 764 (2014), *appeal denied*, 106 A.3d 726 (Pa. 2015).[13]  Thereafter, Appellant filed a timely *pro se* PCRA petition and counsel was appointed.  On January 22, 2016, PCRA counsel filed a petition to withdraw as counsel along with a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On January 25, 2016, the PCRA court granted counsel's petition to withdraw and

---

[12] 18 Pa.C.S.A. §§ 903, 2903(a).

[13]  The direct appeal proceedings before this Court were protracted. They included over one dozen extensions of time to file various documents and one remand to the trial court.  Moreover, as this Court explained:

> The evidentiary hearing with regard to Appellant's post-sentence motions, at which trial counsel testified, was held approximately seven years prior to our Supreme Court's [] decision in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013).  At the time of the hearing, [our Supreme C]ourt's decision in *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003), permitted ineffective assistance of counsel claims to be addressed on [direct] appeal when a proper evidentiary record had been created.

*Watson*, 2014 Pa. Super. Unpub. Lexis 764 at *10 n.3.  Thus, this Court disposed of Appellant's ineffective assistance of counsel claims on the merits.

issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907(A). Appellant did not file a response to the Rule 907 notice.[14] On March 10, 2016, the trial court dismissed Appellant's PCRA petition. This timely appeal followed.[15]

Appellant presents seven issues for our review:

1. Whether trial counsel provided ineffective assistance by failing to call a key witness?

2. Whether trial counsel provided ineffective assistance by failing to request a corrupt source instruction?

3. Whether direct appeal counsel provided ineffective assistance by failing to raise the trial court's abuse of discretion when it reversed its pre-trial ruling which denied the Commonwealth's motion *in limine* without any new evidence being presented?

4. Whether the trial court imposed an illegal sentence?

5. Whether Appellant is entitled to [p]ost-[c]onviction [r]elief in the form of a new trial as a result of [after]-discovered evidence?

6. Whether PCRA counsel provided ineffective assistance by filing a no-merit letter when the preceding claims possessed merit?

Appellant's Brief at 3.

In his first and second issues, Appellant argues that trial counsel was ineffective. "[T]he Sixth Amendment to the United States Constitution and

---

[14] Appellant avers that he filed a response to the Rule 907 notice; however, the certified record reflects that Appellant only requested a copy of the docket from the clerk of courts. He did not file a substantive response.

[15] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal.

Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Simpson***, 112 A.3d 1194, 1197 (Pa. 2015) (internal quotation marks and citation omitted). "[T]rial counsel is presumed to be effective." ***Commonwealth v. Patterson***, 143 A.3d 394, 398 (Pa. Super. 2016) (citation omitted). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015) (citation omitted). Where it is clear that a petitioner has failed to satisfy any one prong of the test, this Court may dispose of the claim on that basis alone. ***See Commonwealth v. Faurelus***, 147 A.3d 905, 911 (Pa. Super. 2016) (citation omitted).

In his first issue, Appellant argues that his trial counsel was ineffective for failing to call the victim as a witness. The victim, however, appeared as a witness for the prosecution at trial. N.T., 8/25/05, at 235. Thus, Appellant's underlying claim lacks arguable merit.[16]

---

[16] To the extent that Appellant argues that trial counsel was ineffective for failing to cross-examine the victim about certain allegations, he is not
*(Footnote Continued Next Page)*

In his second issue, Appellant argues that trial counsel was ineffective for failing to request a corrupt source jury instruction. The trial court, however, gave a corrupt source jury instruction. N.T., 8/31/05, at 106-109. Thus, Appellant's underlying claim lacks arguable merit.

In his third issue, Appellant argues that direct appeal counsel was ineffective for failing to challenge the trial court's order granting the Commonwealth's motion *in limine*. This argument is without merit. Direct appeal counsel challenged the trial court's order granting the Commonwealth's motion *in limine*. **Watson**, 2014 Pa. Super. Unpub. LEXIS 764 at *6-10.

Furthermore, to the extent that Appellant argues that direct appeal counsel was ineffective for failing to raise the coordinate jurisdiction rule, this argument also lacks merit. The coordinate jurisdiction rule only applies to rulings by different judges. **See Zane v. Friends Hospital**, 836 A.2d 25, 29 (Pa. 2003). In this case, the same judge ruled on the Commonwealth's motion *in limine* prior to trial and then sustained the Commonwealth's objection at trial. Therefore, the coordinate jurisdiction rule did not apply.

Finally, to the extent that Appellant argues that the law of the case doctrine prohibited the trial court from deviating from its pretrial ruling, this argument also lacks merit. Our Supreme Court recently explained that

*(Footnote Continued)* ————————————

entitled to relief on that argument because it was previously litigated. **See Watson**, 2014 Pa. Super. Unpub. Lexis 764 at *10.

during the course of a trial, the trial court may determine that a prior evidentiary ruling was incorrect and may therefore alter that ruling. **See Commonwealth v. Safka**, 141 A.3d 1239, 1250 (Pa. 2016). As such, only the final ruling by the trial court was subject to review by this Court. As direct appeal counsel challenged the trial court's final ruling, Appellant's underlying claim lacks arguable merit.

In his fourth issue, Appellant argues that the mandatory minimum sentence he received pursuant to 42 Pa.C.S.A. § 9714 was illegal under **Alleyne v. United States**, 133 S.Ct. 2160 (2013). "When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Martinez**, 141 A.3d 485, 487 (Pa. Super. 2016) (citation omitted). "Section 9714 increases mandatory minimum sentences based on prior convictions. Accordingly, this section is not unconstitutional under **Alleyne**." **Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa. Super. 2015) (citations omitted). Therefore, Appellant's sentence pursuant to section 9714 was legal.

In his fifth issue, Appellant argues that he is entitled to a new trial because of after-discovered evidence. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi).

> To establish such a claim, a petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

- 7 -

***Commonwealth v. Cox***, 146 A.3d 221, 228 (Pa. 2016) (internal quotation marks and citation omitted).

In this case, Appellant argues that an affidavit from David Richardson serves as after-discovered evidence. In that affidavit, Richardson alleged that he told the victim to falsely accuse Appellant of kidnapping her. This argument, however, only went to the credibility of the victim, a witness. Accordingly, Appellant failed to satisfy the third prong of an after-discovered evidence claim and this issue is without merit.

In his final issue, Appellant argues that PCRA counsel was ineffective. This argument is waived. A petitioner waives any claim that his PCRA counsel was ineffective by failing to raise the issue in response to the PCRA court's Rule 907 notice. ***See Commonwealth v. Henkel***, 90 A.3d 16, 29 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citation omitted). In this case, Appellant did not raise PCRA counsel's ineffectiveness before the PCRA court. Accordingly, he waived this issue for purposes of appellate review.[17] ***See*** Pa.R.A.P. 302(a).

Order affirmed.

---

[17] Moreover, even if Appellant preserved this issue, he would not be entitled to relief because his preceding five issues are without merit.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017