J-S92035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROYEZ LEETWAN LUDY, | : | |
| | : | |
| Appellant | : | No. 890 WDA 2016 |

Appeal from the Judgment of Sentence June 1, 2016
in the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000133-2015

BEFORE:    SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 10, 2017**

Royez Leetwan Ludy (Appellant) appeals from the judgment of sentence imposed after he pled guilty to possession of a controlled substance with intent to deliver (PWID) and conspiracy for that crime. Upon review, we vacate and remand.

On December 15, 2015, Appellant appeared for sentencing after pleading guilty to the aforementioned offenses.  During that hearing, the trial court asked the Commonwealth if Appellant was eligible for the Recidivism Risk Reduction Incentive (RRRI) program.[1]  The Commonwealth responded that Appellant had a prior conviction for endangering the welfare of children (EWOC), but was acquitted for simple assault for that incident. N.T., 12/15/2015, at 18.  However, the Commonwealth conceded that it did

_____

[1] 61 Pa.C.S. §§ 4502-4512.

* Retired Senior Judge assigned to the Superior Court.

not "check … for whether or not [that EWOC conviction] is RRRI diseligible---or uneligible [*sic*] or not." **Id**.  The trial court sentenced Appellant to an aggregate term of 24 to 48 months of incarceration.  The trial court also determined that Appellant **was** RRRI eligible.

On December 23, 2015, the Commonwealth timely filed a motion to modify Appellant's sentence.  In that motion, the Commonwealth averred that it discovered that Appellant's prior EWOC conviction did in fact disqualify him for RRRI eligibility.  Thus, it requested the trial court modify Appellant's sentence.  The trial court held a hearing on the motion on March 30, 2016, and on June 1, 2016, the trial court granted Commonwealth's request and modified Appellant's sentence to render him RRRI ineligible. Appellant timely filed a notice of appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant contends the trial court "erred as a matter of law or abused its discretion in determining that [Appellant] was not RRRI eligible." Appellant's Brief at 5.

Before we reach the issue presented on appeal by Appellant, we must determine whether the trial court had jurisdiction to resentence Appellant on June 1, 2016.[2]  The circumstances of this case are analogous to this Court's

---

[2]  "Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*." **Com., Office of Atty. Gen. ex rel. Corbett v. Locust Twp.**, 968 A.2d 1263, 1269 (Pa.

decision in **Commonwealth v. Martinez**, 141 A.3d 485 (Pa. Super. 2016).

In that case, Martinez entered into an open *nolo contendere* plea and was

sentenced on November 13, 2012. The Commonwealth timely filed a post-

sentence motion "requesting that the sentencing court apply the deadly

weapon enhancement to [Martinez's] sentence." **Id**. at 486. The trial court

held a hearing on December 27, 2012. On January 16, 2013, the trial court

granted the Commonwealth's motion, and scheduled a resentencing hearing

for February 26, 2013. That hearing was continued, and it finally took place

on April 5, 2013. Martinez's sentence was modified in accordance with the

deadly weapon enhancement on that date. The trial court also vacated

Martinez's original sentence. After the reinstatement of his appellate rights

*nunc pro tunc*, Martinez filed a direct appeal.

On appeal, Martinez argued that the trial court lacked jurisdiction to

resentence him on April 5, 2013, because it was beyond the 120-day period

prescribed by Pa.R.Crim.P. 721. That rule provides the following, in relevant

part.

**(B) Timing**

---

2009). Moreover, if a sentence was imposed by a court that lacked jurisdiction, that sentence is illegal. **See Commonwealth v. Tobin**, 89 A.3d 663, 668 (Pa. Super. 2014) ("The two most basic and classic examples of an illegal sentence are sentences that exceed the statutory maximum and a sentence imposed by a court without jurisdiction."). In addition, it is well-settled that "[l]egality of sentence questions … may be raised *sua sponte* by this Court." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013).

> (1) Motion for Modification of Sentence. A Commonwealth motion for modification of sentence shall be filed no later than 10 days after imposition of sentence.
>
> ***
>
> **(C) Trial Court Action; Disposition.** If the attorney for the Commonwealth files a timely motion for modification of sentence pursuant to paragraph (A)(1), the judge shall dispose of the motion as provided in this paragraph.
>
> ***
>
> (2) If the defendant has not filed a post-sentence motion, the judge shall not vacate sentence but shall decide the Commonwealth's motion within 120 days of the filing of the motion. **If the judge fails to decide the Commonwealth's motion within 120 days, the motion shall be deemed denied by operation of law.**

Pa.R.Crim.P. 721 (emphasis added).

On appeal, the ***Martinez*** Court reviewed the record and concluded the following.

> Here, the Commonwealth timely filed its post-sentence motion within ten days of sentencing. Additionally, the Commonwealth preserved its issue seeking application of the deadly weapon enhancement by raising it at the time of sentencing and in its post-sentence motion. Thus, the question becomes whether the trial court had jurisdiction to resentence [Martinez] beyond the 120–day limit set forth in Pa.R.Crim.P. 721.
>
> While Pa.R.Crim.P. 721(C)(2) provides that the trial court must "**decide** the Commonwealth's motion within 120 days of the filing of the motion," the [c]omment to Rule 721 makes clear that not only does the trial court need to decide the Commonwealth's post-sentence motion within the 120 day period, but the trial must **resolve** the motion for reconsideration within the original 120–day time limit. Pa.R.Crim.P. 721(C)(2); Pa.R.Crim.P. 721, cmt. (emphasis added). Additionally, the comment provides that the trial court is not permitted to vacate

- 4 -

the sentence within the 120–day time limit for purposes of extending the original 120–day time limit to further decide the motion. Thus, it is not enough for a trial court in this situation to grant the Commonwealth's post-sentence motion within the original 120–day time limit; the trial court is required to **resolve** the motion for reconsideration within 120 days. Otherwise, the post-sentence motion is deemed denied by operation of law pursuant to Pa.R.Crim.P. 721(C)(2).

*Martinez*, 141 A.3d at 488–89 (emphasis in original).

The *Martinez* Court went on to point out that "this Court has consistently held that an order issued by the trial court after expiration of the 120-day time limit, resulting in the denial of the post-sentence motion by operation of law, is a legal nullity due to the court's lack of jurisdiction." *Id*. at 490. Moreover, we have ruled that "the trial court may not *sua sponte* extend the 120-day limit." *Id*. Thus, the *Martinez* Court concluded that the trial court's ability to act upon the Commonwealth's timely-filed post-sentence motion expired on March 19, 2013. However, the trial court did not re-sentence Martinez until April 5, 2013. Thus, this Court held that "the trial court lacked jurisdiction to vacate [Martinez's] original sentence and resentence [Martinez] on April 5, 2013. Where there is no jurisdiction, there is no authority to pronounce judgment." *Id*. at 490-91. Accordingly, this Court vacated Martinez's April 5, 2013 judgment of sentence and "remanded for reinstatement of [the] original sentence." *Id*. at 491.

In this case, the Commonwealth timely filed a post-sentence motion on December 23, 2015. Thus, the trial court had 120 days, or until April 21,

2016, to resolve this motion before it would be denied by operation of law. A hearing occurred on March 30, 2016. Then, for reasons not apparent from the record, the trial court did not sign an order in this matter until May 31, 2016, which was then entered on the docket on June 1, 2016. That was well beyond the 120-day period. Applying the holding in **Martinez**, we conclude that the trial court lacked jurisdiction to resentence Appellant on June 1, 2016. Based on the foregoing, we vacate Appellant's judgment of sentence entered on June 1, 2016, and remand to the trial court for reinstatement of Appellant's original sentence.

Judgment of sentence entered June 1, 2016 vacated. Case remanded for reinstatement of original sentence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/10/2017

- 6 -