J-S48012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL SHOWERS, | : | |
| | : | |
| Appellant | : | No. 426 EDA 2018 |

Appeal from the PCRA Order December 4, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012440-2013

BEFORE:   DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 18, 2018**

Appellant, Michael Showers, appeals *pro se* from the Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Appellant filed his PCRA Petition prior to the finality of his Judgment of Sentence, the Petition was a legal nullity.  The PCRA court's Order from which this Appeal is taken is, likewise, a legal nullity.  We, thus, quash this appeal.

After a jury convicted Appellant of Robbery, the court sentenced Appellant to a term of 25 to 50 years' incarceration.   On January 18, 2017, this Court affirmed Appellant's sentence.[1]  Appellant did not seek review with

---

[1] ***Commonwealth v. Showers***, No. 3431 EDA 2015 (Pa. Super. Jan. 18, 2017) (unpublished memorandum).

---

* Retired Senior Judge assigned to the Superior Court.

the Pennsylvania Supreme Court. Thus, Appellant's Judgment of Sentence became final on February 17, 2017.[2]

During the pendency of his direct appeal, and nearly one year **prior** to the Judgment of Sentence becoming final, Appellant filed a "Notice of Ineffective Assistance of Counsel," which the court of common pleas docketed as a PCRA Petition on February 29, 2016. Although filed prematurely, the court did not quash the Petition.[3]

On March 31, 2017, six weeks after the Judgment of Sentence became final, the trial court appointed PCRA counsel to represent Appellant on his 2016 PCRA Petition. On December 4, 2017, counsel filed a **Turner/Finley**[4] letter and a Motion to Withdraw. That same day, the court filed a Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition without a hearing. On January 23, 2018, the PCRA court dismissed Appellant's PCRA Petition. Appellant appealed to this Court.

Appellant presents numerous issues for our review. Before addressing the merits of the issues, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**,

_____

[2] **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review).

[3] As discussed *infra*, because Appellant had filed a direct appeal to this Court, the court of common pleas no longer had jurisdiction and the "PCRA Petition" was, thus, a legal nullity.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The "one-year time period allowed for the filing of a post-conviction relief act petition **commences**" at the conclusion of direct review or the expiration of time for seeking the review. **Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008) (emphasis added); 42 Pa.C.S. § 9545(b)(3). Thus, a PCRA Petition "may only be filed" when the Judgment of Sentence has become final. **Commonwealth v. Leslie**, 757 A.2d 984, 985 (Pa. Super. 2000).

It is "well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." **Brown**, **supra** at 267, citing **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003). Because there are no exceptions to the PCRA's time requirements, a petition filed before the one-year time period after the Judgment of Sentence becomes final is not legally cognizable.

In **Leslie**, the defendant had filed a *pro se* PCRA petition shortly before he filed a direct appeal to this Court. This Court held that the trial court erred in failing to dismiss the PCRA petition as premature, and in proceeding on the merits of the petition. **Leslie**, 757 A.2d at 985–86.

Here, Appellant filed his PCRA Petition *after* filing the notice of his direct appeal when the court clearly had no jurisdiction. Case law is clear that a premature PCRA petition filed during the pendency of a direct appeal must be

quashed. ***See Commonwealth v. Seay***, 814 A.2d 1240, 1241 (Pa. Super. 2003) (concluding that when a direct appeal is still pending, a premature PCRA petition must be quashed); ***Commonwealth v. Kubis***, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) (observing that where an appellant filed a petition seeking post-conviction collateral relief while his direct appeal was still pending, that first Petition cannot constitute a PCRA petition). ***Cf***. ***Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999) (observing that "a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute."). "Where there is no jurisdiction, there is no authority to pronounce judgment." ***Commonwealth v. Martinez***, 141 A.3d 485, 490–91 (Pa. Super. 2016) (citation omitted).

Because Appellant filed his PCRA Petition prior to the finality of his Judgment of Sentence, the filing was a legal nullity and the court lacked the authority to consider it. Accordingly, we must quash this Appeal.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18