J-A26001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUANE KEVIN GLASCO | : | |
| | : | |
| Appellant | : | No. 282 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 25, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002861-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 7, 2024**

Appellant Duane Kevin Glasco appeals from the judgment of sentence entered by the Chester County Court of Common Pleas on August 25, 2022, following his guilty plea to crimes related to drug trafficking. Appellant challenges the court's January 3, 2023 order, which purported to "clarif[y]" the costs of prosecution imposed in its August 25, 2022 judgment of sentence.[1] Upon review, we conclude that the trial court's January 3, 2023 order is a legal nullity because the trial court was without jurisdiction to amend its prior order. Accordingly, we are constrained to vacate the January 3, 2023 order and remand for reinstatement of the original judgment of sentence entered on August 25, 2022.

_____

[1] Trial Ct. Order, 1/3/23, at 1.

The following factual and procedural history is relevant to the issues now before this Court. On September 30, 2021, the Commonwealth filed an information charging Appellant with 60 counts related to drug trafficking.[2] On August 25, 2022, Appellant entered a negotiated guilty plea to six counts of Possession with Intent to Deliver Controlled Substances ("PWID"), one count of Dealing in Proceeds of Unlawful Activities, and one count of Persons not to Possess Firearms,[3] and the Commonwealth withdrew the remaining charges. In conformance with the negotiated plea, the court sentenced Appellant to an aggregate sentence of 6½ to 15 years of incarceration. The sentencing sheet indicated the imposition of "costs" for each count to which Appellant pled guilty along with a $10 fine, specified lab fees, and the forfeiture of a firearm. Finally, the court checked the following pre-printed provision on the sentencing sheet: "Other counts are W/D – Costs on Defendant." Sentencing Sheet, 8/25/22.

On the next day, the Commonwealth filed a Motion to Modify Sentence. The Commonwealth candidly acknowledged that "[a]t the time of the plea, the Commonwealth incorrectly stated to the Court that no restitution was due for the money utilized in the controlled drug buys (the 'buy money')." Commonwealth's Motion to Modify Sentence, 8/26/22, at ¶ 4. The

---

[2] The Commonwealth withdrew an additional 41 counts in exchange for Appellant waiving his right to a preliminary hearing.

[3] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. §§ 5111(a)(1), and 6105(a)(1), respectively.

Commonwealth requested that the court "modify [Appellant's] sentence to include $14,200 in restitution to the Chester County Municipal Drug Task Force[,]" which it stated was provided to the Appellant "in exchange for cocaine during nineteen (19) controlled buys that occurred between October 15, 2019 and February 8, 2021." *Id.* at ¶¶ 5, 7. The Commonwealth subsequently acknowledged that the buy money constituted costs of prosecution rather than restitution under Pennsylvania law. Commonwealth's Brief in Support of Motion to Modify Sentence, 11/7/22, at ¶¶ 7-14.

Appellant disputed the imposition of costs. He argued that the $14,200 used for 19 controlled buys was not "necessary" for his prosecution, noting that he pled guilty to only 6 counts of PWID. Appellant's Letter Br., 11/17/22, at 1-3 (unpaginated) (quoting 16 P.S. § 1403). He additionally argued that the buy money had not been included in the plea negotiations between Appellant and the Commonwealth and, accordingly, should "be denied under the doctrine of benefit of the bargain." *Id.* at 3-5 (citing *Commonwealth v. Cosby*, 252 A.3d 1092 (Pa. 2021)).

The trial court held hearings on the motion on October 18, 2022, and January 3, 2023. Following the second hearing, on January 3, 2023, the court entered an order dismissing the Commonwealth's Motion to Modify Sentence but, nevertheless, imposing the $14,200 of buy money as costs of prosecution. The court stated that it was "not modifying" the sentence but, instead, "clarif[ying]" "the previously ordered costs of prosecution." Order, 1/3/23, at ¶ 1.

On January 20, 2023, Appellant filed *pro se* a timely notice of appeal.[4] Subsequently, the trial court and Appellant complied with Pa.R.A.P. 1925.

Before addressing the merits of Appellant's issues, we first consider whether the trial court had jurisdiction to enter its January 3, 2023 order. For the reasons set forth below, we conclude that the court did not have jurisdiction because the Commonwealth's motion had been denied by operation of law on December 27, 2022, pursuant to Pa.R.Crim.P. 721.

Rule 721 mandates that a judge "shall decide the Commonwealth's [motion to modify the sentence] within 120 days of the filing of the motion[,]" in cases where "the defendant has not filed a post-sentence motion[.]" Pa.R.Crim.P. 721(C)(2). "If the judge fails to decide the Commonwealth's motion within 120 days, the motion shall be deemed denied by operation of law." **Id.**

In the instant case, the Commonwealth filed its motion to modify sentence on August 26, 2022, and Appellant did not file a post-trial motion. Accordingly, the trial court had 120 days from August 26, 2022, to decide the motion, which expired on Saturday, December 24, 2022. As the expiration date fell on a weekend, the next business day was Tuesday, December 27, 2022, following the Christmas holiday. Thus, pursuant to Rule 721(C)(2), the

---

[4] On January 17, 2023, the trial court granted Appellant's counsel's motion to withdraw. Following Appellant's *pro se* appeal, this Court ordered the trial court to hold a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998); after which, the trial court appointed appellate counsel.

Commonwealth's motion to modify was deemed denied by operation of law on December 27, 2022.[5]

This Court has repeatedly held that a trial court does not have jurisdiction to modify a sentence following the expiration of the 120 days provided in Rule 721(C)(2). *Commonwealth v. Martinez*, 141 A.3d 485, 490 (Pa. Super. 2016). Instead, an order entered after the expiration of the 120 days "is a legal nullity due to the court's lack of jurisdiction." *Id.* Accordingly, we conclude that the trial court's January 3, 2023 order purporting to clarify the costs of prosecution to include the $14,200 of buy money is a legal nullity because the court entered it after the expiration of the 120 days on December 27, 2022.

As Appellant's questions on appeal relate solely to the January 3, 2023 order imposing $14,200 of buy money, we conclude that Appellant's challenges are moot as the January 3, 2023 order is a legal nullity.[6]

---

[5] The record reflects that the clerk of courts did not "enter an order on behalf of the court denying the Commonwealth's motion for modification of sentence by operation of law" as required by Pa.R.Crim.P. 721(D)(1)(a).

Nevertheless, we find that Appellant timely filed his notice of appeal "within 30 days of the entry of the order disposing of the Commonwealth's motion," as required by Pa.R.Crim.P. 720(A)(4). Specifically, he filed his notice of appeal on January 20, 2023, less than thirty days after the deemed denial on December 27, 2022.

[6] Appellant raises the following questions on appeal:

*(Footnote Continued Next Page)*

- 5 -

Accordingly, having concluded that the January 3, 2023 order is a legal nullity, we vacate the January 3, 3023 order and remand for reinstatement of the August 25, 2023 judgment of sentence.

Order entered January 3, 2023, vacated. Case remanded for reinstatement of original Judgment of Sentence. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2024

---

1. Did the trial court err in finding that the Commonwealth met its burden of showing that the costs requested were "necessary" pursuant to 16 P.S. § 1403?

2. Did the trial court err in imposing costs solely attributable to counts withdrawn with prejudice in exchange for Appellant waiving his right to a preliminary hearing?

Appellant's Br. at 2.