J-S39008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE EDWARD WEISS, JR. | : | |
| | : | |
| Appellant | : | No. 1001 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 31, 2025
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002545-2021

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 12, 2026**

Appellant, Eugene Edward Weiss, appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County on March 31, 2025.  Upon review, we remand for further proceedings.

The trial court summarized the relevant background as follows.

[Appellant] was arrested and charged with numerous counts of rape, assault and involuntary deviate sexual intercourse committed against his own adopted minor daughter between 1993 and 2001.  Twenty-four charges were listed on the verdict slip that was sent out with the jury for their deliberation.  Ultimately, the jury convicted [Appellant] of nine (9) separate offenses.  On October 18, 2023, the [trial court] sentenced [Appellant] consecutively to the mandatories for each conviction.  His total sentence amounted to a minimum of thirty-five (35) years and a maximum of seventy (70) years confinement in a state correctional facility[.]

Trial Court Order, 3/31/25, at 2, n.1 (emphasis removed).

Post-trial motions were timely filed by [Appellant].  The post-trial motion raised two key issues.  The first was regarding the length

of the sentence imposed[,] which was promptly denied after argument. The second issue . . . involved allegations of prosecutorial misconduct as the prosecutor was perceived by Appellant to have been emotional in his closing argument. *As this court specifically failed to address that issue*, *an uncontested petition for nunc pro tunc relief was submitted and a hearing was held on March 24, 2025*. [The trial] court denied the underlying request for relief on or about March 31, 2025. Thereafter, on April 17, 2025 a notice of appeal was filed.

Trial Court Opinion, 5/16/25, at 1-2 (emphasis added).

### Timeliness

Before we may reach the merits of this appeal, we must address the timeliness of the instant appeal. **See**, **e.g.**, **Commonwealth v. Valentine**, 928 A.2d 346, 349 (Pa. Super. 2007) (timeliness of appeal can be raised *sua sponte* because issue is jurisdictional). We hold that the appeal is timely.

As noted above, Appellant's judgment of sentence was imposed on October 18, 2023. On Monday, October 30, 2023, Appellant filed timely post-sentence motions seeking (i) reconsideration of his sentence and (ii) an evidentiary hearing regarding alleged prosecutorial misconduct during closing arguments.

On October 31, 2023, the trial court entered an "order granting motion for reconsideration of sentence – a new sentencing hearing is to be scheduled." On November 15, 2023, the trial court entered an order to continue resentencing. On March 13, 2024, more than 120 days after the filing of post-sentence motions, the trial court entered an order denying Appellant's motion for reconsideration of sentence.

- 2 -

None of these orders mentioned Appellant's request for an evidentiary hearing on prosecutorial misconduct.

Nearly seven months later, on October 3, 2024, Appellant filed a "Motion for *Nunc Pro Tunc*" relief pointing out that the court had never decided his post-sentence motion alleging prosecutorial misconduct. **See** Appellant's Motion, 10/3/24, at 1-2. The Commonwealth did not oppose this motion.

Another five months passed. On March 13, 2025, the court granted an evidentiary hearing concerning the alleged prosecutorial misconduct.[1] On March 31, 2025, following a hearing, the court denied Appellant's *nunc pro tunc* motion.

The Rules of Criminal Procedure provide that the trial court shall decide post-sentence motions within 120 days after the date of filing.[2] Pa.R.Crim.P. 720(B)(3)(a). If the court fails to decide the motion within the 120-day period, the motion shall be deemed denied by operation of law. **Id.** When

---

[1] As shown above, the trial court noted:

> As this court specifically failed to address that issue [*i.e.*, Appellant's request for an evidentiary hearing on the alleged Commonwealth's misconduct], an uncontested petition for *nunc pro tunc* relief was submitted and a hearing was held on March 24, 2025. [The trial] court denied the underlying request for relief on or about March 31, 2025.

Trial Court Opinion, 5/16/25, at 1-2.

[2] Upon motion of the defendant, and for good cause shown, the court may grant one thirty-day extension of the 120-day period. Pa.R.Crim.P. 720(B)(3)(c). Appellant did not request any such extension in this case.

the motion is denied by operation of law, the clerk of courts shall enter an order denying the motion on behalf of the court, Pa.R.Crim.P. 720(B)(3)(c), and the appeal must be filed within thirty days after entry of this order. Pa.R.Crim.P. 720(A)(2)(b).

Our detailed analysis in **Commonwealth v. Martinez**, 141 A.3d 485 (Pa. Super. 2016), makes clear that the court must "resolve," *i.e.*, fully decide, all post-sentence motions within the 120-day period. **Id.** at 489-90.[3] If the court fails to resolve post-sentence motions within the 120-day period, they are denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a).

Since Appellant filed timely post-sentence motions on October 30, 2023, the 120-day deadline for resolving these motions was February 27, 2024. The trial court failed to resolve Appellant's post-sentence motions within the 120-day period. Thus, Appellant's post-sentence motions were denied by operation of law.[4] Both the March 13, 2024, order denying Appellant's post-sentence motion for modification of sentence and the March 31, 2025, order denying Appellant's post-sentence motion alleging prosecutorial misconduct

---

[3] **Martinez** held that Pa.R.Crim.P. 721 requires the trial court to resolve a timely post-sentence motion by the Commonwealth seeking modification of sentence within 120 days of its filing. As analogous support for this conclusion, **Martinez** reasoned at length that Pa.R.Crim.P. 720 provides a 120-day deadline for resolving post-sentence motions by the defendant. **Id.** at 489-90 (citing comment to Rule 720 and collecting cases).

[4] There is no indication in the record the clerk of courts entered "an order on behalf of the court, and, as provided in Rule 114, [served] a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c).

are nullities. ***See generally Commonwealth v. Khalil***, 806 A.2d 415 (Pa. Super. 2002).

We have held, however, that a breakdown in the operations of the court takes place when the court (or the clerk of court) fails to enter an order indicating that the post-sentence motions were denied by operation of law. ***See***, ***e.g.***, ***Khalil***, ***supra***; ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003); ***Commonwealth v. Sullivan***, 2024 WL 3738593 at *9, n.6 (Pa. Super. 2024)[5] ("we have held that a breakdown in the operations of the court occurs when the trial court and clerk of court fail to enter an order denying a defendant's post-sentence motion within the 120[-]day period"). Similarly, "we will consider the order denying Appellant's post-sentence motion entered outside the 120-day period to be a breakdown in court operations and will not quash the instant appeal." ***Commonwealth v. Gore***, 2021 WL 2287485 at *1, n.4 (Pa. Super. 2021) (citing ***Commonwealth v. Patterson***, 940 A.2d 493, 499 (Pa. Super. 2007)).

When such a breakdown occurs, the thirty-day appeal period begins to run on the date of the untimely order, and we will exercise jurisdiction over an appeal filed within the appeal period. ***See***, ***e.g.***, ***Perry***, ***supra***; ***Commonwealth v. Braykovich***, 664 A.2d 133 (Pa. Super. 1995) (notice of appeal was timely because it was filed within thirty days of untimely order denying post-sentence motion).

_____

[5] ***See*** Pa.R.A.P. 126(b) (non-precedential memorandum of this Court filed after May 1, 2019 may be cited for its persuasive value).

The present case, however, involves *multiple* breakdowns in the operations of the court. In addition to failing to enter an order denying Appellant's post sentence motions by operation of law, the trial court entered an untimely order on March 13, 2024, denying Appellant's post-sentence motion for modification of sentence, and it entered an untimely order on March 31, 2025, denying Appellant's post-sentence motion alleging prosecutorial misconduct. In this unusual situation, we conclude that the thirty-day appeal period began running on March 31, 2025, because this order disposed of the final issue in this case. *See* Pa.R.A.P. 341(b)(1) (defining "final order" as an order that "disposes of all claims and all parties"). Appellant filed his appeal on April 17, 2025, less than thirty days after the March 31, 2025, order. Accordingly, we will exercise jurisdiction over his appeal.

## Ineffective assistance of counsel

On April 23, 2025, the trial court ordered Appellant to file a concise statement of matters complained of on appeal within 21 days of the order (*i.e.*, by May 14, 2025). The trial court found that Appellant failed to do so and concluded that any claims he had were waived. Trial Court Opinion, 5/16/25, at 2.

Appellant, through his counsel, on the other hand, in his brief before us, stated that the concise statement was filed on March 26, 2025. Appellant's Brief at 8.

There is no record of anything being filed on March 26, 2025, let alone a concise statement. Equally important is the timing of the statement. If we

are to accept Appellant's assertion as to the filing of the statement, we would have to believe the concise statement was filed before the notice of appeal. We find this to be incredible.

In the same brief, Appellant seems to suggest that the trial court opinion dated May 16, 2025, addressed Appellant's concise statement claims.[6] Appellant's Brief at 9. This statement flies in the face of the record. In its May 16, 2025, opinion, the trial court noted that it was unable to address any claim Appellant might have had because Appellant failed to file a concise statement, waiving, as a result, all claims.

Failure to file a concise statement is a serious matter that results in the loss of appeal rights. Acknowledging this, Rule 1925(c)(3) addresses this situation:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

As mentioned above, the trial court determined that Appellant had waived all claims on appeal based on the failure to file a concise statement. As such, counsel's failure completely foreclosed Appellant's appeal. ***See***

---

[6] "[Trial court]'s Opinion dated May 16, 2025, [was] in response to appellant's Statement of Matters Complained of on Appeal." Appellant's Brief at 9.

Pa.R.A.P. 1925(c)(3), note. Counsel effectively abandoned Appellant, which we conclude amounts to *per se* ineffectiveness. **See** Pa.R.A.P. 1925(c)(3); ***Commonwealth v. West***, 883 A.2d 654, 657-58 (Pa. Super. 2005) (where counsel failed to file a substantive concise statement, they have effectively abandoned their client). Therefore, in accordance with Rule 1925(c)(3), we remand this appeal for the filing of a Rule 1925(b) statement *nunc pro tunc* with the trial court within 45 days of this memorandum and for the preparation of an opinion by the trial court within 45 days thereafter. **See** Pa.R.A.P. 1925(c)(3); ***Commonwealth v. Thompson***, 39 A.3d 335, 339 (Pa. Super. 2012). Within the 45 days for the filing of a 1925(b) statement, new counsel shall be appointed or retained. **See** Pa.R.A.P. 1925(c)(3). Presumably, appointment of counsel will occur immediately upon remand so as to leave sufficient time for the filing of a timely statement.

Case remanded for further proceedings consistent with this memorandum. Jurisdiction retained.