J-S38020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT WILLIAM HARTNETT, JR. | : | |
| | : | |
| Appellant | : | No. 180 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 27, 2019
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000571-2018

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 25, 2020**

Robert William Hartnett, Jr. appeals from the judgment of sentence entered after a jury found him guilty of multiple sexual offenses against his minor step-granddaughter. Hartnett argues the evidence was insufficient and the trial court erred in excluding a photograph of the victim. We affirm Hartnett's convictions, but vacate sentence and remand for re-sentencing.

Prior to Hartnett's jury trial, the Commonwealth filed a Motion *in Limine* asking the court to preclude Hartnett from introducing a certain photograph of the victim.[1] The photograph depicted the victim sticking her tongue out next to the drawing of a penis. The victim had sent it to her grandmother, Hartnett's wife, in 2018. The Commonwealth argued the photograph was not

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Although Hartnett introduced the photograph as an exhibit at the hearing on the Motion, the photograph is not in the certified record.

relevant or probative, as it was taken after the alleged incidents giving rise to the charges and did not involve Hartnett or communications with Hartnett. The Commonwealth also argued it was impermissible evidence of the victim's character. Hartnett argued the victim's grandmother was living with Hartnett when the victim sent it to her, and that it was probative as to whether the victim felt comfortable discussing sex with her grandmother, as she had not disclosed the alleged abuse to her earlier. The court granted the motion and precluded the photograph from evidence.

At trial, the 17-year-old victim testified that Hartnett first sexually assaulted her around 2010, when she was approximately eight or nine years old, at Hartnett's residence. She testified about numerous instances of sexual abuse, including groping, forced masturbation, cunnilingus, and penetrative sexual intercourse. The victim said that she did not disclose the abuse until 2018 because she did not want to get into trouble, "split up the family," or be "looked at as a disappointment" or like "a freak." N.T., Trial, 7/1/19, at 56. The victim testified that she told two friends in sixth grade about the abuse, but did not disclose the abuse to an adult until 2018. The victim's mother testified that she had observed redness in the victim's genital area as a child, and asked her if anyone had been "messing with" her, but the victim shook her head, "No." *Id.* at 130-31. The victim's father, brother, and a childhood friend testified about Hartnett's inappropriate physical contact with and sexual remarks to the victim.

The jury convicted Hartnett on 53 counts, including four counts of Rape of a Child. **See** 18 Pa.C.S.A. § 3121(c).[2] The court held a sentencing hearing on September 27, 2019, and imposed an aggregate sentence of 32-64 years' incarceration.

Five days later, the court issued an order[3] stating, "[O]n the [c]ourt's own Motion, a hearing/argument is hereby scheduled to address any issue of the Merger." Order dated October 2, 2019, 10/3/19, at 1. The order set a hearing for the next day.

The next day, the court issued an order[4] acknowledging that defense counsel and the prosecution "agreed that there may be issues regarding Merger of Offenses for sentencing purposes, and all parties [have] requested additional time to research said issues[.]" Order dated October 3, 2019, 10/10/19, at 1. The court treated the parties' agreement that certain

---

[2] The jury also convicted Hartnett of four counts of Involuntary Deviate Sexual Intercourse with a Child, three counts of Unlawful Contact With a Minor – Sexual Offenses, four counts of Sexual Assault, two counts of Aggravated Indecent Assault – Complainant Less Than 13 Years Old, nine counts of Corruption of Minors – Defendant Age 18 or Above, four counts of Indecent Assault – Without Consent of Other, one count of Indecent Assault – Forcible Compulsion, four counts of Indecent Assault – Person Less Than 16 Years of Age, and four counts of Criminal Attempt – Indecent Assault of Person Less Than 13 Years of Age. **See**, respectively, 18 Pa.C.S.A. §§ 3123(b), 6318(a)(1), 3124.1, 3125(a)(7), 6301(a)(1)(ii), 3126(a)(1), 3126(a)(2), 3126(a)(8), and 901(a).

[3] The order was dated October 2, 2019, but filed on October 3, 2019.

[4] The order was dated October 3, 2019, but filed on October 10, 2019.

convictions might merge as a joint post-trial motion. **See id.** The court scheduled a hearing for November, which it later continued to December 5, 2019.

At the hearing on December 5, 2019, the court amended the sentence. The court found that all convictions other than two counts of Aggravated Indecent Assault and one count of Indecent Assault – Forcible Compulsion merged with the four counts of Rape of a Child.[5] The court again imposed an aggregate sentence of 32 to 64 years' incarceration.[6] The same day, the court issued an order[7] memorializing the amended sentence, and stating that the court had amended the sentence "after Hearing on the Post-Sentence Motion regarding the issue of Merger." Order dated Dec. 5, 2019, 12/9/19, at 1.

Hartnett appealed on December 11, 2019. However, this Court deemed the appeal to be an untimely appeal from the September 27, 2019 sentence, and quashed. **See Commonwealth v. Hartnett**, No. 1982 MDA 2019

---

[5] Although the court did not specifically mention Count 36, one of the nine counts for Corruption of Minors, when finding merger or re-imposing sentence, this count was not amongst the surviving counts for which the court re-imposed sentence, and, when discussing the merger, the Commonwealth expressed that it had no objection to merger of this count. **See** N.T., 12/5/19, at 4-5.

[6] Aside from merger, the only difference was that previously, the court ran the sentence for Indecent Assault – Forcible Compulsion concurrently with sentence on the third count of Rape of a Child, but on the new sentence, the court ran the sentence concurrently with the sentence on the first count of Rape of a Child.

[7] The order was dated December 5, 2019, but was filed on December 9, 2019.

(Pa.Super., 1/13/20) (*per curiam* order at 1). Hartnett thereafter filed a "Motion to Reinstate Direct Appeal *Nunc Pro Tunc*/PCRA," on January 16, 2020, asking the trial court to reinstate his direct appeal rights, specifying that the Commonwealth did not oppose the request. The trial court granted relief, and, the next day, Hartnett instituted this appeal.

Before we address the issues on appeal, we address the Commonwealth's suggestion that we should quash this appeal as untimely. It contends that because Hartnett did not file a written post-sentence motion within ten days of the original imposition of sentence on September 27, 2019, the trial court did not have jurisdiction to amend Hartnett's sentence on December 5, 2019, more than 30 days later. **See** Commonwealth's Br. at 5.

We will not quash. Hartnett sought reinstatement of his direct appeal rights approximately three and a half months after his initial sentencing. Even assuming that the time limitations of the Post Conviction Relief Act ("PCRA")[8] applied to that petition, the petition was timely and the trial court had power to grant it. **See Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008) (holding that where defendant did not file a timely appeal, PCRA time limits run from the expiration of time for seeking such review). As Hartnett filed this appeal one day after the lower court granted him a *nunc pro tunc* appeal, his appeal was timely.

---

[8] 42 Pa.C.S.A. §§ 9541-9546.

However, we agree that that the court lacked jurisdiction to amend the sentence on December 5, 2019. A trial court loses jurisdiction to modify a criminal sentence once a party initiates an appeal, or once 30 days have elapsed after sentencing. 42 Pa.C.S.A. § 5505; ***Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007). The court can preserve its jurisdiction to modify the sentence beyond the 30-day deadline by vacating the original sentence within 30 days of the original sentencing. Also, the time in which the court may modify a sentencing order increases if a party files a timely post-sentence motion. A post-sentence motion is timely if the movant files a written motion within ten days of the pronouncement of sentence. In such a case, the trial court retains jurisdiction until disposition of the motion. ***See*** Pa.R.Crim.P. 720(A)(1), (B)(3), *Comment*; Pa.R.Crim.P. 721(A)(1), (B)(1), (C). Where the trial court attempts to modify a sentence pursuant to an untimely post-sentence motion more than 30 days after sentencing, its action is a nullity. ***Commonwealth v. Santone***, 757 A.2d 963, 965-66 (Pa.Super. 2000).[9]

Here, neither party filed a written post-sentence motion following the imposition of sentence on September 27, 2019. Although the court raised the question of merger and, after an initial hearing, treated the parties' agreement that merger was in issue as an oral post-sentence motion, it neither vacated nor amended the September 27, 2019 sentence within 30 days of imposing it.

---

[9] ***See also Commonwealth v. Martinez***, 141 A.3d 485, 490 (Pa.Super. 2016); ***Commonwealth v. Merolla***, 909 A.2d 337, 341 (Pa.Super. 2006); ***Commonwealth v. Bentley***, 831 A.2d 668, 670 (Pa.Super. 2003).

- 6 -

Although a court has the inherent jurisdiction to correct a patent error in an order at any time, the failure to merge convictions for purposes of sentencing "is not a patent or obvious mistake." **Commonwealth v. Martz**, 926 A.2d 514, 525 (Pa.Super. 2007). Therefore, the court here lacked jurisdiction to amend the sentence on December 5, 2019, and the order it issued on that date is a legal nullity.

We add that we have corrected the caption to reflect the correct date of the judgment from which Hartnett appealed. Hartnett's notice of appeal states his appeal is from the guilty verdict and December 5 judgment of sentence. However, the appeal in a criminal case properly lies not from the verdict, but from the judgment of sentence. **Commonwealth v. Charles O'Neill**, 578 A.2d 1334, 1335 (Pa.Super. 1990). As the December 5 order is null, we have amended the caption to reflect that this appeal is from the judgment of sentence of September 27, 2019. **See Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1 (Pa.Super. 2014).

We turn now to the issues on appeal. Hartnett raises two issues for our review:

> 1. Whether or not the evidence introduced at trial was sufficient to prove beyond a reasonable doubt [Hartnett] had committed the acts of rape, sexual assault, aggravated indecent assault, corruption of minors, rape of a child[,] and indecent assault by forcible compulsion, based solely on the testimony recalled from 9 years previously be a child?
>
> 2. Whether the trial court incorrectly denied [Hartnett's] request to have introduced a photograph that would have provided the jury with another perspective of the accuser whose testimony was the sole evidence presented by the Commonwealth?

Hartnett's Br. at 8 (unpaginated).

## I. Sufficiency of the Evidence

Hartnett first argues the evidence was insufficient to support the convictions. He asserts that the sole evidence was the uncorroborated and "recalled testimony of a then 8 or 9 year old," and points out that there was no physical evidence, such as blood on the victim's clothing or bedsheets. Hartnett's Br. at 19-20 (unpaginated). Hartnett further complains that the testimony did not support four counts of Rape of a Child, as the victim only testified to one incident where Hartnett penetrated her with his penis. *Id.* at 20.

He also claims the victim was not credible because her testimony lacked the exact times of the alleged abuse, she continued to visit Hartnett after the abuse, and she did not disclose the abuse to anyone earlier, "despite being close with both her mother and grandmother." *Id.* at 19-20. Hartnett claims the family members' testimony was inconsistent regarding where Hartnett lived, and if he was alone with the victim. *Id.* Hartnett argues that although the victim's mother testified she observed redness in the victim's genital area, she did not take the victim for medical attention, even though she worked for a health care facility. *Id.* at 20. Hartnett asserts that "the weight of the evidence presented does not rise to the level of beyond a reasonable doubt." *Id.*

Hartnett conflates the sufficiency and weight of the evidence. These are two distinct issues, subject to different standards of review and with different

remedies. ***See generally Commonwealth v. Widmer***, 744 A.2d 745, 751-53 (Pa. 2000).

To the extent that Hartnett's arguments go to the sufficiency of the evidence, Hartnett has waived this issue by failing to raise it with specificity in his Pa.R.A.P. 1925(b) statement of errors. Hartnett's statement contains 23 numbered paragraphs (each one sentence long), and in only one of these paragraphs does Hartnett arguably raise the issue of sufficiency, by vaguely stating, "The testimony of the victim did not support four counts of Rape, IDSI, Sexual Assault, Indecent Assault, [or] Corruption of Minors." Pa.R.A.P. 1925(b) Statement, 2/14/20, at ¶ 10. Accordingly, the trial court, in its Rule 1925(a) opinion, does not even address the sufficiency of the evidence. We therefore find the issue waived. ***See Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa.Super. 2013) (holding sufficiency waived where Rule 1925(b) did not specify which elements or convictions appellant challenged, and appellant was convicted of multiple crimes containing "numerous elements").

In any event, the testimony of a rape victim alone is sufficient to support a conviction for rape, without corroboration by medical testimony. ***Commonwealth v. Poindexter***, 646 A.2d 1211, 1214 (Pa.Super. 1994). Here, among other things, the victim testified that when she was less than 13 years old, Hartnett penetrated her vagina with his penis "five to ten" times. N.T., 7/1/19, at 51-52. This alone is sufficient evidence to support convictions on four counts of Rape of a Child. ***See*** 18 Pa.C.S.A. § 3121(c).

Hartnett's remaining arguments go to the weight of the evidence, and he has waived this issue as well, by failing to raise it below, include it in his Questions Presented, or make a developed argument in his brief to this Court. *See* Pa.R.Crim.P. 607(a); Pa.R.A.P. 302(a); *Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa.Super. 2002).

## II. Commonwealth's Motion in Limine

Hartnett next argues the court erred in precluding evidence of a photograph depicting the victim sticking her tongue out next to a drawing of a penis, which the victim sent to her grandmother in 2018. Hartnett contends this evidence was crucial to the issue of the victim's credibility, as it allegedly contradicted her reasons for not disclosing the abuse earlier. Hartnett argues the photograph was not prejudicial to the victim, as the victim "had already testified that she was sexually active with at least two previous boyfriends." Hartnett's Br. at 22 (unpaginated).

We review a trial court's ruling on evidentiary issues pursuant to an abuse of discretion standard. *Commonwealth v. Stokes*, 78 A.3d 644, 654 (Pa.Super. 2013). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." *Stokes*, 78 A.3d at 654 (quoting *Commonwealth v. Spiewak*, 617 A.2d 696, 699 (Pa. 1992)). However, even logically relevant evidence is only admissible where the probative value of the evidence outweighs its prejudicial impact. *Id.*

- 10 -

Here, the trial court determined the photograph was irrelevant "because the photograph was taken and sent to [Hartnett]'s wife well after the incidents involved in the allegations against [Hartnett]." Trial Ct. Op. at 2 (unpaginated). The court also found "that the photograph was not probative for the Defense case and any probative value would be outweighed by its prejudicial effect." *Id.* We find no abuse of discretion in this analysis.

### III. Merger

Lastly, we address the issue of merger of offenses. Although not raised by either party, this issue goes to the legality of the sentence, and may be raised by this Court *sua sponte*. **Commonwealth v. Watson**, 228 A.3d 928, 941 (Pa.Super. 2020). Merger is appropriate when "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." *Id.* (quoting 42 Pa.C.S.A. § 9765).

In the proceedings below, the parties and the court agreed that most of Hartnett's convictions should merge with his convictions for four counts of Rape of a Child.[10] We agree that Hartnett's sentence is subject to correction, and therefore vacate the judgment of sentence and remand for resentencing.

---

[10] These include four counts of Involuntary Deviate Sexual Intercourse with a Child, three counts of Unlawful Contact With a Minor – Sexual Offenses, four counts of Sexual Assault, nine counts of Corruption of Minors – Defendant Age 18 or Above, four counts of Indecent Assault – Without Consent of Other, four counts of Indecent Assault – Person Less Than 16 Years of Age, and four counts of Criminal Attempt – Indecent Assault of Person Less Than 13 Years.

Judgment of sentence vacated. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2020