J-A20015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLEO MCKINNEY, JR. | : | |
| | : | |
| Appellant | : | No. 1131 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 28, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000015-2018

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED:  April 5, 2021**

Cleo McKinney, Jr, appeals from the judgment of sentence of eighteen to thirty-six months of imprisonment after he pled guilty to possession of a controlled substance contraband to a prison inmate.  We affirm.

On December 14, 2017, while incarcerated at the Venango County Prison, Appellant was discovered in possession of liquefied Suboxone, a schedule three controlled substance.  On June 25, 2018, Appellant entered an open guilty plea to the aforementioned offense in exchange for the Commonwealth's agreement to enter *nolle prosequi* with regard to two related counts of criminal conspiracy and possession and recommend the imposition of a standard-range sentence to run concurrently with the term of imprisonment that he was currently serving.  After conducting a guilty plea colloquy, the trial court advised Appellant that it would not endorse the open plea agreement until it reviews an updated presentence investigation ("PSI")

report. Significantly, the trial court informed Appellant, "If the court [does] not concur, your lawyer will be told and you will be given the opportunity to petition to withdraw your guilty plea[.]" N.T., 6/25/18, at 32. At the end of the plea colloquy, the trial court found that Appellant intelligently, voluntarily, and understandingly entered the plea. It accepted the plea, ordered the PSI report, and scheduled a sentencing hearing on September 28, 2018.

At the ensuing sentencing hearing, the Commonwealth informed the trial court that it could not make the agreed-upon recommendations because of Appellant's misconduct while incarcerated in the Venango County Prison for the seven days preceding sentencing. Specifically, the Venango County Prison's disciplinary board adjudicated Appellant guilty of threatening another person, disrupting normal institutional process, disobeying orders, possessing contraband, failing to report contraband, making sexual threats, and destroying property. N.T. Sentencing Hearing, 9/28/18, 16-17, 19. Appellant challenged the disciplinary board's verdict and informed the sentencing court of his intention to appeal that decision.

The sentencing court reminded the parties that it expressly declined to approve the sentencing recommendation when it accepted the plea agreement and permitted Appellant to either withdraw the plea prior to sentencing or proceed to sentencing without the benefit of the promised recommendation. *Id*. at 19. After expressing some confusion and conferring with counsel, Appellant elected to proceed with sentencing. *Id*. at 22. The sentencing court

confirmed Appellant's decision prior to eliciting the Commonwealth's revised sentencing recommendation. ***Id***.

As it previously indicated, the Commonwealth declined to endorse the sentence outlined in the plea agreement. Instead, it recommended that the trial court impose three to five years of imprisonment consecutive to the term Appellant is currently serving. ***Id***. at 23. After reviewing the PSI report, considering defense counsel's arguments for leniency and Appellant's allocution, the sentencing court imposed the above-referenced term of eighteen to thirty-six months of imprisonment consecutive to all sentences previously imposed.[1] Significantly, the trial court explained that it "considered the recommendation of the Commonwealth with regard to the plea agreement," *i.e.*, the agreed-upon recommendation of a concurrent standard range sentence. ***Id***. at 30. Consistent with the remaining aspects of the plea agreement, the trial court entered *nolle prosequi* to the remaining counts.

On October 12, 2018, Appellant filed an untimely post-sentence motion asserting: (1) the Commonwealth violated the plea agreement by failing to proffer the negotiated sentencing recommendation; and (2) the imposition of consecutive sentence was excessive. Contemporaneously, Appellant filed a motion to reinstate his post-sentence motion *nunc pro tunc*, which the trial court granted on October 16, 2018, deeming that the post-sentence motion

---

[1] The eighteen-month minimum sentence fell squarely within the standard range of fifteen to twenty-one months pursuant to the sentencing guidelines. N.T. Sentencing Hearing, 9/28/18, at 15, 30-31.

would be treated as if it had been filed timely. On February 12, 2019, the trial court granted a thirty-day extension of time for it to dispose of the post-sentence motion on the merits before it is denied by operation of law, *i.e.*, until March 11, 2019.[2]

On March 18, 2019, the trial court entered an order dated March 14, 2019, wherein it granted the post-sentence motion insofar as finding that Appellant was entitled to have the Commonwealth provide the agreed-upon sentencing recommendation. Hence, the court scheduled a re-sentencing hearing before a different judge.[3]

In preparation of resentencing, the newly-assigned judge discovered that the trial court granted relief beyond the extended 150-day limitation imposed by Rule 720(B)(3)(a) and (b), which expired on March 11, 2019. The resentencing court reasoned "from the day [Appellant] filed the post-sentence motion, October 12, 2018, to the date the motion was granted, March 18, 2019, spans 157 days[, and e]ven if the court were to consider March 14, 2019, as the effective date, the decision still came 153 days from the day the motion was filed." Trial Court Opinion, 6/28/19, at unnumbered 5 (footnotes

---

[2] As the Venango County Clerk misfiled the October 15, 2018 order granting *nun pro tunc* relief, on February 8, 2019, the trial court denied the post-sentence motion as untimely filed. The court's February 12, 2019 order vacated that determination and found good cause to invoke Pa.R.A.P. 720(B)(3)(b) and extend by thirty days the period to address the merits of the motion.

[3] Notwithstanding the resentencing order, the trial court also addressed Appellant's remaining challenge to the discretionary aspects of sentence and, in what effectively was an advisory opinion, concluded that the consecutive imposition of the standard-range sentence was reasonable.

omitted). As the post-sentence motion was denied as a matter of law on March 12, 2019, in accordance with Pa.R.A.P. 720(B)(3), the resentencing court concluded that the March 18, 2019 was a nullity and the September 28, 2018, judgment of sentence remained in "full force and effect." *Id*. Citing *Commonwealth v. Khalil*, 806 A.2d 415 (Pa.Super. 2002) for the proposition that the circumstances were tantamount to a breakdown in the trial court processes, the resentencing court concluded that Appellant had thirty days from the date of its order to file a notice of appeal from the judgment of sentence because the clerk of court did not provide notice to Appellant that his post-sentence motion was deemed denied by operation of law. *See* Trial Court Opinion, 6/28/19, at unnumbered 5.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925, and Appellant presents three questions for our review:

1. Whether [Appellant] is entitled to the benefit of his bargain when his plea was induced by the prosecution with a promise to recommend concurrency in sentencing, where the prosecution reneged on the agreement at sentencing and recommended a consecutive sentence.

2. Whether the [re-sentencing court] committed an error of law and abused his discretion by refusing to resentence [Appellant] after the [sentencing court] granted his post-sentence motion, ruling that the [Appellant] was entitled to be resentenced in a proceeding wherein the Commonwealth makes the sentencing recommendation set forth in the plea agreement.

3. Whether the [sentencing court] abused his discretion at sentencing by handing down an aggregate sentence that was unreasonable, and manifestly excessive.

Appellant's brief at 5.

- 5 -

At the outset, we address Appellant's assertion that the resentencing court erred in overturning the sentencing court's grant of post-sentence relief. Preliminarily, we observe that the resentencing court did not overturn the sentencing court's decision on the merits. In actuality, the court simply examined the tortuous post-sentence procedural history of this case and concluded that Appellant's motion for post-sentence relief had been denied by operation of law pursuant to Pa.R.Crim.P. 720 **before** the trial court granted limited relief. As the trial court lacked jurisdiction to grant relief beyond the 150-day period outlined in Rule 720(B), the resentencing court reinstated the judgment of sentence and Appellant's appellate rights.

As it relates to the denial of a post-sentence motion by operation of law, Rule 720(B)(3) provides as follows:

**(B) Optional Post -Sentence Motion**

. . . .

(3) *Time Limits for Decision on Motion*. The judge shall not vacate sentence pending decision on the post -sentence motion, but shall decide the motion as provided in this paragraph.

(a) Except as provided in paragraph (B)(3)(b) [allowing one thirty-day extension for good cause shown], the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. **If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law**.

(b) . . . . **If the judge fails to decide the motion within the 30-day extension period, the motion shall be denied by operation of law.**

- 6 -

(c) When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and as provided in Rule 114, forthwith shall serve a copy of the order on the [parties] that the post-sentence motion is deemed denied. This order is not subject to reconsideration.

Pa.R.A.P. 720(B)(3)(a)-(c) (emphases added).

Furthermore, the trial court's jurisdiction ends with the deemed denial. As we explained in **Commonwealth v. Bentley**, 831 A.2d 668, 670 (Pa.Super. 2003), "[a] trial court's authority to rule on a post-sentence motion is finite in nature [and] a trial court retains jurisdiction to rule on a post-sentence motion only for the duration of the disposition period as set forth in subsection 720(B)(3)." **See** Pa.R.Crim.P, 720 cmt. ("Under paragraph (B)(3), once the defendant makes a timely written post -sentence motion, the judge retains jurisdiction for the duration of the disposition period. . . . **[On] the date when the motion is denied by operation of law, the judgment becomes final for the purpose of appeal**." (emphasis added)). A post-sentence order issued by the trial court after the expiration of the Rule 720(B)(3) time limit is a legal nullity due to the court's lack of jurisdiction. **Commonwealth v. Martinez**, 141 A.3d 485, 490 (Pa.Super. 2016). Phrased differently, "[w]here there is no jurisdiction, there is no authority to pronounce judgment." **Id**. at 490-91.

Appellant filed an untimely post-sentence motion on October 12, 2018, which the court deemed timely filed *nunc pro tunc* as of that date. Pursuant to Pa.R.Crim.P. 720(B)(3)(b), the trial court granted a thirty-day extension to the initial 120–day period that it possessed authority to act upon the post-

sentence motion. Hence, the trial court was required to resolve the post-sentence motion no later than Monday, March 11, 2019.[4]

As noted *supra*, the trial court did not dispose of the post-sentence motion until March 14, 2019. Since the trial court neglected to resolve the post-sentence motion within the 150–day time limit, the post-sentence motion was denied by operation of law after March 11, 2019, pursuant to Rule 720(B)(3)(a) and (b), and the court lacked jurisdiction to grant post-sentence relief three days after that date. **See Martinez**, **supra** at 490-91 ("Where there is no jurisdiction, there is no authority to pronounce judgment."); **see also Commonwealth v. Bentley**, 831 A.2d 668, 670 (Pa.Super. 2003) (failure to rule on post-sentence motion within prescribed period divested court of jurisdiction to render a decision at a later date); **Commonwealth v. Santone**, 757 A.2d 963 (Pa.Super. 2000) (order issued beyond the time period set forth in what is now Pa.R.Crim.P. 720 was a legal nullity because the court no longer had jurisdiction to issue the order).

As outlined in the foregoing recitation of the procedural history, the certified record confirms the resentencing court's calculation of time. Accordingly, in light of the applicable legal principles we discussed in **Martinez**, **Bentley**, and **Santone**, we discern neither legal error nor an abuse

_____

[4] By our calculation, the 120-day period under Rule 720(b)(3)(a) expired on February 11, 2019, as the 120th day was a Saturday. Hence, the court's grant of the 30-day extension of time on February 12, 2019 appears to be one day late. Nevertheless, since the duration between October 12, 2018 and March 11, 2019 is unquestionably 150 days, we accept that date as the last day to rule on the post sentence motion.

of discretion in the resentencing court's reinstatement of the judgment of sentence and Appellant's appellate rights.

Next, we address Appellant's substantive assertion that he was entitled to the benefit of his plea agreement, *i.e.*, remand for a sentencing proceeding in which the Commonwealth recommends the concurrent imposition of a standard-range sentence as set out in the plea agreement. **See** Appellant's brief at 10-12. Highlighting that the sentence recommendation of concurrency was an essential negotiated component of the agreement, Appellant argues that the Commonwealth violated the terms of the plea agreement by recommending that the standard-range sentence run consecutively to the previously imposed sentences. **Id**. at 10. Thus, invoking our holding in **Commonwealth v. Williams**, 481 A.2d 1230 (Pa.Super. 1984), a case where this Court vacated the judgment of sentence and permitted the defendant to withdraw his guilty plea because the Commonwealth reneged on the promise to forego making a sentence recommendation, Appellant contends that he is entitled to a new sentencing hearing before a different judge. However, Appellant still does **not** seek to withdraw his guilty plea.

While refusing to acknowledge its breach of the plea agreement, ostensibly because the trial court stated its intention to ignore the Commonwealth's recommendation in favor of the recommendation outlined in the plea agreement, the Commonwealth counters that Appellant declined to withdraw his guilty plea and elected to proceed with sentencing notwithstanding the Commonwealth's *volte-face*. For the reasons that follow,

we agree that Appellant rejected the only available remedy for the Commonwealth's revocation of its plea recommendation. Accordingly, no relief is due.

Pennsylvania Rule of Criminal Procedure 590(B) governs plea agreements as follows:

**(B) Plea agreements.**

(1) At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590(B).

We have previously explained, "[w]here a plea agreement has been entered of record and accepted by the trial court, the state is required to abide by the terms of the plea agreement." ***Commonwealth v. Postie***, 110 A.3d 1034, 1042 (Pa.Super. 2015)(citation omitted). Furthermore, "[i]n determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the

terms of the agreement." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1191 (Pa.Super. 2010) (citations omitted).

Notwithstanding the Commonwealth's protestations to the contrary, it is clear from the certified record that the Commonwealth breached a material term of the plea agreement. Appellant and the Commonwealth agreed that Appellant would plead guilty to possession of a controlled substance—prison contraband, and the Commonwealth would seek to enter *nolle prosequi* on the remaining charges, **and** recommend a standard-range sentence running **concurrently** with the sentence that Appellant was currently serving. Appellant pled guilty and the Commonwealth *nolle prosed* the remaining charges but refused the promised recommendation of concurrency. Hence, there is no legitimate question as to whether the Commonwealth reneged on its promise. Rather, the salient issue in this case relates to the appropriate remedy for the breach.

Our High Court has explained, "in Pennsylvania, it is well settled that where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least, to the benefit of the bargain." ***Commonwealth v. Zuber***, 353 A.2d 441, 444 (Pa. 1976) (cleaned up). Trial courts possess several remedies to rectify the Commonwealth's failure to fulfill its promise including, when warranted, the modification of the judgment of sentence to reflect the terms of the agreement. ***Id***. at 444 n.5.

Here, the plea agreement related to an open plea and the breach was apparent **before** the imposition of the judgment of sentence. Accordingly, the appropriate remedy was to permit Appellant to withdraw the guilty plea in order to either negotiate a new accord or proceed to trial. This is precisely the remedy that the trial court offered Appellant prior to imposing sentence. However, Appellant rejected it.

During the sentencing hearing, the trial court informed Appellant that it was going to disregard the proffered recommendation from the Commonwealth and it provided Appellant the opportunity to withdraw his guilty plea. *See* N.T. Sentence Hearing 9/28/18, at 19. Following a discussion with counsel, Appellant elected to proceed to sentencing. *Id*. 22. Phrased differently, after a consultation with counsel, Appellant knowingly elected to proceed with sentencing with the understanding that he would not be sentenced pursuant to the terms of the original plea agreement. Thus, the trial court did, in fact, offer Appellant an appropriate remedy for the Commonwealth's decision to renege on the plea agreement. Appellant simply declined to utilize it. As Appellant previously assented to sentencing notwithstanding the Commonwealth's breach, his current argument in favor of vacating the judgment of sentence and remanding for another sentencing proceeding is unavailing.

Appellant's final issue presents a challenge to the discretionary aspects of his sentence. As we observed in **Commonwealth v. McLaine**, 150 A.3d

70, 76 (Pa.Super. 2016) (citation omitted), "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." In order to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, we look to whether an appellant has satisfied the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**.

Instantly, Appellant filed a timely appeal, and preserved his contentions in a post-sentence motion. While Appellant failed to include a Pa.R.A.P. 2119(f) statement in his brief, we decline to find waiver because the Commonwealth did not object to that defect. **See Commonwealth v. Stewart**, 867 A.2d 589, 592 (Pa. Super. 2005) (declining to find waiver of sentencing claim due to lack of Pa.R.A.P. 2119(f) statement where Commonwealth did not object). Finally, Appellant maintains that the imposition of a consecutive sentence was too harsh under the circumstances of this case. Namely, he cites the Commonwealth's violation of the plea agreement and the trial court's failure to adequately consider mitigating facts when it imposed the current sentence. **See** Appellant's brief at 14-15. Those facts include that while he received a greeting card that had been soaked in

liquefied Suboxone, he did not attempt to distribute the contraband to other inmates. Characterizing his behavior as illustrative of an addiction, which he was currently receiving treatment for in prison, he asserts that the imposition of a consecutive sentence imposed a greater punishment than the offense demanded.

As we held in **McLaine**, **supra**, the question whether Appellant has presented a substantial question is evaluated on a case-by-case basis. Furthermore,

> A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Sierra**, 2000 PA Super 151, 752 A.2d 910 (Pa.Super. 2000). A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002).

**McLaine**, **supra** at 76.

A bare challenge to the trial court's imposition of a consecutive sentence typically does not raise a substantial question regarding the discretionary aspect of sentence. **See Commonwealth v. Johnson**, 691 A.2d 877, 880 (Pa.Super. 2008). However, an excessive sentence claim that incorporates an assertion that the court failed to consider mitigating factors does raise a substantial question. **Commonwealth v. Caldwell**, 117 A.3d 763, 760 (Pa.Super. 2015) (claim that imposition of consecutive sentences was unduly

excessive, together with claim that court failed to consider rehabilitative needs, presented a substantial question). Instantly, Appellant argues that the trial court discounted both the Commonwealth's behavior and his addiction in imposing a consecutive sentence. Hence, we find that Appellant presents a substantial question. Accordingly, we turn to the merits of Appellant's sentencing challenge.

In crafting a judgment of sentence, the trial court must ensure that the punishment is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When reviewing the discretionary aspects of a sentence that falls within the sentencing guidelines, we will vacate the sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

Instantly, after noting the guideline ranges, Appellant's prior record score, and its review of the updated PSI report, the trial court sentenced Appellant squarely within the standard range of the sentencing guidelines. In this setting, we consider Appellant's claim that the consecutive nature of his sentence resulted in an aggregate sentence that was too harsh, as it was not commensurate with his conduct, and that the trial court did not adequately consider the mitigating fact of his addiction.

Although Appellant invokes what he believes are mitigating circumstances, the trial court had the discretion to weigh those considerations against other factors in determining whether to impose the sentence consecutively. In essence, Appellant's complaint is not that the trial court disregarded certain factors, but that it did not accord those considerations the proper weight. However, we cannot re-weigh these factors and substitute our judgment for that of that trial court. *See Commonwealth v. Macias*, 968 A.2d 773 (Pa.Super. 2009).

We find no abuse of discretion. The trial court was not only familiar with Appellant, the Commonwealth's breach of the plea agreement, and the underlying offense, it also ordered and reviewed an updated PSI report before imposing the complained-of consecutive sentence. Accordingly, we presume that it was aware of and weighed all relevant mitigating factors that Appellant highlights, including the Commonwealth's alleged dubious dealings and Appellant's rehabilitative needs. As we stated in *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa.Super. 2019):

> Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

Hence, the trial court weighed these facts, together with the circumstances offered by Appellant in imposing a consecutive term of imprisonment. As we

conclude that the trial court's imposition of a standard-range sentence consecutive to the terms of imprisonment that Appellant was serving was appropriate, we do not discern an abuse of discretion on the record before us.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2021