J-S20005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                        :           PENNSYLVANIA
                                                        :
                              v.                        :
                                                        :
                                                        :
                                                        :
CHAD EUGENE GINTER                         :
                                                        :
                        Appellant                  :           No. 1094 MDA 2023

Appeal from the Judgment of Sentence Entered November 15, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000550-2020

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: SEPTEMBER 30, 2024**

Appellant, Chad Eugene Ginter, appeals from the November 15, 2022 judgment of sentence entered in the Court of Common Pleas of Dauphin County after the trial court sentenced Appellant to an aggregate sentence of 28 to 72 months' incarceration.  After careful review, we conclude the trial court did not abuse its discretion in denying Appellant's after-discovered evidence claim.  Moreover, because the Commonwealth objected to a fatal omission in Appellant's brief to this Court, we deny Appellant's petition for allowance of appeal to challenge the discretionary aspects of his sentence and affirm his judgment of sentence.

The trial court summarized the procedural history as follows:

Following a jury trial held on September 19[, 2022, and September] 20, 2022, a jury found [Appellant] guilty at

_____

[*] Former Justice specially assigned to the Superior Court.

Count 1 - terroristic threats; Count 2 - simple assault[ - attempts to cause or causes bodily injury]; and Count 3 – recklessly endangering another person. [In a separate bench trial, the trial] court found [Appellant] guilty at Count 4 – [driving under the influence ("DUI"): controlled substance]; Count 5 - DUI: controlled substance - impaired ability; and Count 6 - DUI: general impairment.[1] On September 20, 2022, [Appellant's] bail was amended pending sentencing, and [the trial] court granted [Appellant] permission to travel out of state for work.

On September 28, 2022, the Commonwealth filed a motion to revoke bail, alleging that [Appellant] violated the terms of his [release conditions]. Following a hearing held on October 20, 2022, [the trial] court found that [Appellant] violated the terms of his bail by having contact with the victim. [Appellant's] bail was revoked, and he was ordered to report to the Dauphin County Prison pending sentencing.

On November 15, 2022, [Appellant] was sentenced as follows:

Count 1: 16 to 48 months' state incarceration, in addition [Appellant was ordered to pay] costs and a $2,500[.00] fine;

Count 2: 12 to 24 months' state incarceration, to run consecutive[ly] to the sentence [imposed] at Count 1, in addition [Appellant was ordered to pay] costs and a $1,000[.00] fine;

Count 3: 12 to 24 months' [state incarceration with the sentence set to run] concurrent[ly] with the sentence [imposed] at Count 2, in addition [Appellant was ordered to pay] costs and a $500[.00] fine;

Count 4: 3 days to 6 months' [state incarceration with the sentence set to run] concurrent[ly] with the sentence [imposed] at Count 3, in addition [Appellant was ordered to pay] costs and a $1,500[.00] fine;

Count 5: merged with Count 4 for purposes of sentencing; and

_____

1 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a)(1), and 2705, as well as 75 Pa.C.S.A. §§ 3802(d)(3), 3802(d)(2), and 3802(a)(1), respectively.

Count 6: merged with Count 4 for purposes of sentencing.

Trial Court Opinion, 7/5/23, at 1-2 (extraneous capitalization omitted).

On November 23, 2022, then-counsel for Appellant filed a post-sentence motion raising a claim that the verdict was against the weight of the evidence, a request for modification of sentence, and a request for additional time to file an amended or supplemental post-sentence motion because Appellant recently retained new counsel to represent him on appeal.[2]  On January 12, 2023, Appellant's newly-retained counsel filed a motion for entry of appearance and a motion for admission *pro hac vice*, which the trial court granted on January 17, 2023.[3]

On May 16, 2023, Appellant filed a supplemental post-sentence motion, requesting a new trial based on after-discovered evidence.  The Commonwealth filed an answer to Appellant's supplemental post-sentence motion on May 19, 2023, and Appellant filed a reply to the Commonwealth's answer on May 30, 2023.  On May 25, 2023, the trial court entertained argument on Appellant's November 2022 post-sentence motion and his May

---

[2] In the post-sentence motion, then-counsel for Appellant explained that his retainer agreement "specifically exclude[d] representation for post-sentence motions and appeal beyond what is necessary to preserve [Appellant's] post-sentence and appellate rights" and that Appellant retained new counsel who needed to be admitted *pro hac vice* before assuming representation of Appellant.  Post-Sentence Motion, 11/23/23, at ¶¶27-30.

[3] Appellant's former counsel filed a motion to withdraw his appearance on January 20, 2023.

2023 after-discovered evidence claim. On July 5, 2023, the trial court denied

Appellant's post-sentence motions. This appeal followed.[4]

Appellant raises the following issues for our review:

[1.   D]id the [trial] court err by denying [Appellant] a new trial based []on after-discovered evidence?

[2.   D]id the trial court impose a manifestly excessive and unduly harsh sentence, effectively converting a single event, charged as several misdemeanors, into what amounts to a felony sentence?

Appellant's Brief at 4.

Preliminarily, we examine the procedural posture of the case *sub judice* as it implicates this Court's jurisdiction. **Commonwealth v. Grove**, 170 A.3d 1127, 1136-1137 (Pa. Super. 2017) (stating, "[t]his Court may consider the issue of jurisdiction *sua sponte*" (original quotation marks and citation omitted)), *appeal denied*, 185 A.3d 967 (Pa. 2018). Our examination of the procedural timeline begins with November 15, 2022, the date on which Appellant was sentenced in open court. On November 23, 2022, Appellant filed a timely post-sentence motion that, *inter alia*, requested permission to file a supplemental post-sentence motion due to a forthcoming change in Appellant's counsel. **See** Post-Sentence Motion, 11/23/22, at § IV; **see also** Pa.R.Crim.P. 720(A)(1) (stating, "a written post-sentence motion shall be filed

_____

[4] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. In its Rule 1925(a) opinion, the trial court stated it relied upon the memorandum opinion that accompanied its July 5, 2023 order denying Appellant's post-sentence motions.

no later than 10 days after imposition of sentence"). On December 12, 2022, the trial court entered an order scheduling a hearing to address Appellant's post-sentence motion for January 17, 2023. On January 12, 2023, Appellant filed a motion for admission of his new counsel *pro hac vice*, and his new counsel filed a motion to enter his appearance. On January 17, 2023, the trial court granted the motion for admission *pro hac vice* and, in a separate order, rescheduled the hearing to address Appellant's post-sentence motion for April 6, 2023. On March 13, 2023, Appellant requested a continuance due to a scheduling conflict and asked that the hearing be rescheduled for May 17, 2023, which the trial court subsequently granted on March 14, 2023. On May 16, 2023, Appellant filed a supplemental post-sentence motion, setting forth, *inter alia*, a request for a new trial based on after-discovered evidence. On May 18, 2023, the Commonwealth filed an answer to Appellant's supplemental post-sentence motion. On May 30, 2023, Appellant filed a reply to the Commonwealth's answer. On July 5, 2023, the trial court denied Appellant's post-sentence motion and supplemental post-sentence motion.

Pennsylvania Rule of Criminal Procedure 720(B)(3)(a) states that the trial court "shall decide [a] post-sentence motion, including any supplemental [post-sentence] motion, within 120 days of the filing of the motion."[5]

---

[5] Pennsylvania Rule of Criminal Procedure 720(B)(3)(b) permits the trial court, upon motion by the defendant, to grant one 30-day extension before rendering a decision on the post-sentence motion. Pa.R.Crim.P. 720(B)(3)(b). This rule is of no consequence in the case *sub judice* because Appellant did

Pa.R.Crim.P. 720(B)(3)(a). If the trial court "fails to decide the motion within 120 days, or to grant an extension as provided in [Rule 720](B)(3)(b), the motion shall be deemed denied by operation of law." *Id.* "When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the [trial] court, and, as provided in [Pennsylvania Rule of Criminal Procedure] 114, forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c). Once a post-sentence motion is denied by the trial court, or deemed denied by operation of law, a defendant has 30 days in which to file a timely notice of appeal. Pa.R.Crim.P. 720(A)(2)(a) and (b).

Here, Appellant filed his post-sentence motion on November 23, 2022. As such, the trial court had until March 23, 2023, to dispose of the post-sentence motion or the post-sentence motion would be deemed denied by operation of law.[6] *See* Pa.R.Crim.P. 720(B)(3)(c). Because the trial court did not dispose of Appellant's November 23, 2023 post-sentence motion by

---

not file a motion requesting an extension of time to resolve his post-sentence motion. Appellant's March 13, 2023 continuance request was not a filing extension pursuant to Rule 720(B)(3)(b).

[6] The record demonstrates that, on January 17, 2023, the trial court scheduled a hearing on Appellant's post-sentence motion for April 6, 2023, which was outside the 120-day period. On March 14, 2023, the trial court rescheduled the hearing on Appellant's post-sentence motion for May 17, 2023, which also was outside the 120-day period.

March 23, 2023, Appellant's post-sentence motion was deemed denied by operation of law on March 23, 2023. Ordinarily, Appellant's time for filing an appeal would expire on Monday, April 24, 2023, 30 days after his post-sentence motion was denied by operation of law. Pa.R.Crim.P. 720(A)(2)(b) (stating, an appeal must be filed within 30 days of an order denying a post-sentence motion by operation of law); *see also* 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"). A review of the record, however, reveals that the clerk of courts did not enter an order on behalf of the trial court that indicated Appellant's post-sentence motion was denied by operation of law nor did the clerk provide a copy of the same to, *inter alia*, Appellant's counsel. It is well-established "that, where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003), *citing* **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa. Super. 1995), *appeal denied*, 675 A.2d 1242 (Pa. 1996). Thus, we deem Appellant's August 3, 2023 notice of appeal to be timely filed.

Our examination of the procedural posture, however, does not end here. The record reveals that Appellant filed his supplemental post-sentence motion

raising an after-discovered evidence claim on May 16, 2023. Pennsylvania Rule of Criminal Procedure 720(B)(1)(b) states that a "defendant may file a supplemental post-sentence motion in the [trial court's] discretion as long as the decision on the supplemental motion can be made in compliance with the time limits of [Rule 720](B)(3)." Pa.R.Crim.P. 720(B)(1)(b). Thus, a defendant may only file a supplemental post-sentence motion with the trial court's permission, and the supplemental post-sentence motion must be filed within the 120-day period (unless a 30-day extension is granted). Here, Appellant filed his supplemental post-sentence motion on May 16, 2023, and the trial court accepted the same. Therefore, for purpose of our discussion, we deem the supplemental post-sentence motion to have been filed with the trial court's permission. The supplemental post-sentence motion, however, was filed after the expiration of the 120-day period and after Appellant's post-sentence motion was deemed denied by operation of law. Ordinarily, a supplemental post-sentence motion filed after the expiration of the 120-day period would be untimely, and the trial court would be without jurisdiction to address the issue contained therein. **See Commonwealth v. Martinez**, 141 A.3d 485, 490 (Pa. Super. 2016) (stating, "a trial court retains jurisdiction to rule on a post-sentence motion only for the duration of the disposition period as set forth in [Rule] 720(B)(3)" (original quotation marks and citation omitted)); **see also** Pa.R.Crim.P. 720 at Official Comment – Disposition (stating, the trial court retains jurisdiction over a timely, written post-sentence motion for the duration of the disposition period, that is to say for 120 days

unless a 30-day extension is granted).  Thus, while Appellant's supplemental post-sentence motion would ordinarily be time barred, Appellant requested a new trial based on after-discovered evidence, which drew into play additional considerations under Pa.R.Crim.P. 720(C).

Pennsylvania Rule of Criminal Procedure 720(C) states that a "post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing **promptly** after such discovery." Pa.R.Crim.P. 720(C) (emphasis added).  As discussed *supra*, post-sentence motions typically must be filed no later than 10 days after the imposition of sentence.[7]  **See** Pa.R.Crim.P. 720(A)(1) and (B)(1)(a).  Rule 720(C), however, provides an exception to the 10-day filing requirement in that a post-sentence motion requesting a new trial based on after-discovered evidence must be filed **promptly** after discovery of the after-discovered evidence.  **See** Pa.R.Crim.P. 720(C); **see also Commonwealth v. Castro**, 93 A.3d 818, 828 (Pa. 2014) (stating that, Rule 720(C) "requires a motion for after-discovered evidence be filed promptly upon the discovery of such evidence").  The official comment to Rule 720(C) states, in pertinent part,

> that any claim of after-discovered evidence must be raised **promptly** after its discovery.  Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised **promptly** with the trial [court] at the post-sentence stage; after-discovered evidence discovered during the direct appeal

---

[7] A post-sentence motion raising an after-discovered evidence claim, notably, is not listed as an "optional" post-sentence motion under Rule 720(B)(1)(a). **Compare** Pa.R.Crim.P. 720(B)(1)(a) **with** Pa.R.Crim.P. 720(C).

> process must be raised **promptly** [with the appellate court] during the direct appeal process, and should include a request for a remand to the trial [court]; and after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the [Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546].

Pa.R.Crim.P. 720 Official Comments (emphasis added). Thus, the official comment conditions the judicial mechanism for raising an after-discovered evidence claim upon the discovery of the evidence and the then-current procedural posture of the case. To be clear, when the evidence is discovered in the post-sentence but pre-appeal stage, a defendant may raise an after-discovered evidence claim *via* a post-sentence motion filed with the trial court pursuant to Rule 720(C). If the evidence is discovered after the direct appeal process has begun (in other words, after the trial court is wholly divested of its jurisdiction), then the defendant must file a petition with the appellate court requesting remand of the case to the trial court in order to present a post-sentence motion pursuant to Rule 720(C). If the evidence is discovered after the direct appeal process has ended (in other words after the defendant's judgment of sentence has become final, **see** 42 Pa.C.S.A. § 9545(b)(3)), the defendant must file a PCRA petition raising an after-discovered evidence claim.

To further illustrate, after the pronouncement of a defendant's judgment of sentence in open court, if the defendant does not file a timely post-sentence motion or a notice of appeal, then the judgment of sentence becomes final upon expiration of the 30-day period following the pronouncement of the

judgment of sentence in open court. In this instance, the defendant must proceed with his or her after-discovered evidence claim under the PCRA since the judgment of sentence is final.

After the pronouncement of the judgment of sentence in open court, if the defendant files a timely post-sentence motion and the trial court denies that motion, or the post-sentence motion is deemed denied by operation of law and proper notice is provided, the defendant has 30 days in which to file a timely notice of appeal. Under these circumstances, if (within the appeal period) a defendant does not file a motion for reconsideration of the order denying his post-sentence motion (as discussed *infra*) or if the trial court does not expressly grant reconsideration, then, for purpose of Rule 720(C), the defendant's direct appeal period has begun. Since the direct appeal period has begun, the defendant must file a request with this Court, seeking a remand to the trial court in order to present a post-sentence motion asserting an after-discovered evidence claim.

In the *case sub judice*, Appellant was sentenced on November 15, 2022, and filed a post-sentence motion on November 23, 2022. Appellant's post-sentence motion was denied by operation of law on March 23, 2023. If, on, or before, April 24, 2023, Appellant filed a notice of appeal but had not sought reconsideration (or did not receive express trial court approval granting reconsideration), then on April 24, 2023, the trial court would be entirely divested of jurisdiction. Under these circumstances, to properly raise an after-discovered evidence claim during the direct appeal stage, Rule 720(C)

- 11 -

would require Appellant to file a request with this Court asking that the case be remanded to the trial court in order to file an after-discovered evidence claim.

Due to a breakdown in the judicial system, however, Appellant's direct appeal period did not commence on April 24, 2023. Rather, as Appellant's case remained in the post-sentence/pre-appeal stage until Appellant filed his timely notice of appeal, the trial court retained jurisdiction over this matter until August 3, 2023. *See Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa. Super. 2015) (stating that, the direct appeal period does not begin to run when the clerk of courts fails to issue notice of the adjudication of a post-sentence motion). Therefore, the trial court still possessed jurisdiction for purpose of Rule 720(C) when Appellant filed his after-discovered evidence claim on May 16, 2022. In other words, the breakdown in the court system extended not only the filing period for Appellant's notice of appeal but also altered the proper judicial mechanism by which Appellant was required to present his after-discovered evidence claim. Therefore, under the circumstances of the case *sub judice*, Appellant's after-discovered evidence claim was filed before the appropriate judicial authority in accord with Rule 720(C).

In his first issue, Appellant challenges the trial court's order denying his request for a new trial based on after-discovered evidence. An appellate court reviews a trial court's determination on a claim of after-discovered evidence for an abuse of discretion. **Commonwealth v. Lyons**, 79 A.3d 1053, 1068

- 12 -

(Pa. 2013), *cert. denied*, 572 U.S. 1048 (2014); *see also Commonwealth v. Trinidad*, 96 A.3d 1031, 1037 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014).

To receive a new trial based on after-discovered evidence, a petitioner must satisfy a four-part test requiring

> the petitioner to demonstrate the [after-discovered] evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018), *citing Commonwealth v. Pagan*, 950 A.2d 270 (Pa. 2008), *cert. denied*, 555 U.S. 1198 (2009). "The test is conjunctive; the [petitioner] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010), *appeal denied*, 14 A.3d 826 (Pa. 2010).

Our Supreme Court in *Small*, *supra*, defined "corroborative evidence" as "evidence that differs from but strengthens or confirms what other evidence shows[.]" *Small*, 189 A.3d at 972 (original brackets and citation omitted). The *Small* Court defined "cumulative evidence" as "additional evidence that supports a fact established by the existing evidence." *Id.* (brackets and citation omitted). The *Small* Court further stated that "whether evidence is labeled 'corroborative' or 'cumulative' is not critical to the after-discovered analysis" as the rule for "determining whether [the second] prong of the

after-discovered evidence test has been met applies equally to evidence that is corroborative, cumulative, or both." *Id.* at 972-973.

In defining that rule, our Supreme Court affirmed that "after-discovered evidence is merely corroborative or cumulative - and thus not sufficient to support the grant of a new trial - if it is of the same character and to the same material point as evidence already adduced at trial." *Id.* at 973-974. "[T]he terms 'of the same character' and 'to the same point' refer to distinct qualities of evidence; to be 'merely corroborative or cumulative,' [after-]discovered evidence must tend to prove material facts that were already in evidence at trial, and also be of the same grade or character of evidence as that produced at the trial to prove those material facts." *Id.* at 974. "If the new evidence is of a different and 'higher' grade or character, though upon the same point, or of the same grade or character on a different point, it is not 'merely' corroborative or cumulative, and may support the grant of a new trial based on after-discovered evidence." *Id.*

Here, Appellant asserts that, at trial, the victim described her relationship with Appellant at the time of the incident as "strictly platonic" and denied sending the message "good luck" to another female *via* the victim's social medial account. Supplemental Post-Sentence Motion, 5/16/23, at 1-2. Appellant contends that the other female would testify, if a new trial were granted, that the victim did send her a message *via* a social media application wishing her "good luck" with Appellant. *Id.* at 1; *see also* Appellant's Brief at 15. Appellant contends that the victim's message of "good luck" indicates

that "he was having [a sexual relationship] with both [the victim and the other female] at the time" of the incident. *Id.* at 1; *see also* Appellant's Brief at 15. Therefore, the after-discovered evidence in the form of the other female's testimony would corroborate the defense theory at trial that the victim provided false testimony about her relationship with Appellant at the time of the incident and that she "fabricated her main allegations [of assault] due to her ongoing jealousy of [Appellant.]" Appellant's Brief at 15. Appellant contends "the trial court did not fully understand [Appellant's] position [because] while [the after-discovered witness'] proffered testimony would certainly have impeached [the victim's] credibility[, the after-discovered witness' testimony] would have been presented principally to bolster [Appellant's] account of how the [victim's] jealous[y] instigated the events [] and led to her false allegations against [Appellant]." *Id.* at 16.

In denying Appellant's request for a new trial based on after-discovered evidence, the trial court explained

> [Appellant] was aware of the [social media] post from [the victim] to the [after-discovered witness], but he claims that he was not able to locate [the after-discovered witness] until after the trial [ended] and, therefore, was unable to call her during trial. Even assuming arguendo that [Appellant or] his counsel exercised reasonable diligence in attempting to locate [the after-discovered witness] prior to trial, [Appellant] cannot establish the second and third elements required for the admission of after-discovered evidence. First, [the after-discovered witness'] testimony regarding the [social media] post would have been cumulative because [Appellant] had the opportunity to cross-examine the victim about the [social media] post during the trial. Second, [Appellant] admittedly seeks to introduce [the after-discovered witness'] testimony to contradict the victim's trial testimony about

the true nature of her relationship with [Appellant]. Consequently, the testimony would solely be used to impeach the credibility of the victim, and, therefore, cannot be admitted as after-discovered evidence. For these reasons, [Appellant] is not entitled to a new trial based on after-discovered evidence.

Trial Court Opinion, 7/5/23, at 13.

Upon review, we concur with the trial court, and the record supports, that Appellant failed to satisfy the four prongs of the after-discovered test and, in particular, failed to satisfy the second and third prongs of the test. To the extent that Appellant seeks to introduce the after-discovered witness' testimony at a new trial for the purpose of authenticating that the victim sent the social media message to the after-discovered witness, we agree that this evidence is cumulative (and corroborative). At trial, defense counsel, on cross-examination, presented the victim with a screenshot of a social media message that defense counsel described as depicting a message sent from the victim to the after-discovered witness in which the victim talked "about [Appellant] dating both of [the women] and good luck with him, he beat me up last night[.]" N.T., 9/19/22, at 110. The victim denied sending the message. *Id.* In order to discredit the victim's testimony in which she denied sending the message, defense counsel described the screenshot as containing the victim's profile picture from her social media account. *Id.* at 109. The victim agreed that, at one point, the profile picture contained in the screenshot of the social media message was the profile picture on her social media account. *Id.* The victim explained, however, that the profile picture was taken in 2020, thus inferring that the message did not come from her social

media account because the message was sent in December 2019, before the 2020 profile picture existed. *Id.* Defense counsel then questioned the victim about whether a screenshot taken of a message posted on a person's social media account would show the person's profile picture at the time the message was posted or at the time the screenshot was taken, assuming the screenshot was taken several years after the message was posted. *Id.* at 110. The victim responded that she did not know the answer. *Id.* at 110.

In his supplemental post-sentence motion, Appellant contends that the after-discovered witness would testify that the victim did send her a message *via* the victim's social media account in December 2019. Supplemental Post-Sentence Motion, 5/16/23, at 1. As such, Appellant sought to rely on the after-discovered witness' testimony, if a new trial were granted, to authenticate that the message was sent from the victim's social media account. We concur with the trial court that the after-discovered witness' proposed testimony was cumulative of the evidence presented at trial, namely a screenshot of the message that showed the victim's profile picture.

To the extent that Appellant sought to introduce the after-discovered witness' testimony, if a new trial were granted, to "contradict the [victim's] testimony" pertaining to her relationship with Appellant at the time of the incident, we concur with the trial court, and the record supports, that the purpose of the after-discovered evidence would be to impeach the victim's testimony describing the relationship as "platonic." At trial, the victim described her relationship with Appellant as follows:

| [Defense Counsel:] | So you wouldn't characterize your relationship at that point as being a romantic relationship? |
|---|---|
| [The Victim:] | We were not seeing one another. |
| [Defense Counsel:] | So you would say that you were not romantically involved at that point? |
| [The Victim:] | Romantic meaning had we had sex at any given time, we probably had, but, no, I would not have told my family or friends that he was my boyfriend. |
| [Defense Counsel:] | And I don't mean to pry, ma'am, I'm just trying to understand. Is this a platonic encounter? |
| [The Victim:] | It was a platonic friendship that evening. |

N.T., 9/19/22, at 75. To the extent that the after-discovered witness would testify at a new trial that her understanding of the relationship the victim had with Appellant in December 2019 was something other than a "platonic friendship," the after-discovered witness' testimony would merely contradict the testimony proffered by the victim. Therefore, we discern no abuse of discretion in the trial court's denial of Appellant's request for a new trial based on after-discovered evidence.

In his second issue, Appellant challenges a discretionary aspect of his sentence.[8] Appellant's Brief at 4.

_____

[8] Appellant raised a challenge to the discretionary aspect of his sentence in his post-sentence motion filed in November 2022. The November 2022 post-sentence motion was denied by operation of law on March 23, 2023. As such, the trial court's July 5, 2023 order denying Appellant's November 2022

It is well-settled that "the right to appeal [the] discretionary aspect[s] of [a] sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010)[,]

> [a]n appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test[.]

> We conduct a four-part analysis to determine: (1) whether [the] appellant [] filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> [***Moury***, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted), *appeal denied*, 220 A.3d 1066 (Pa. 2019). If an appellant fails to challenge the discretionary aspects of a sentence, either by presenting a claim to the trial court at the time of sentencing or in a post-sentence

---

post-sentence motion is a legal nullity as it relates to the November 2022 post-sentence motion because the trial court was without jurisdiction in July 2023 to address the issues raised in the November 2022 post-sentence motion. ***See Martinez***, 141 A.3d at 490 (stating, "this Court has consistently held that an order issued by the trial court after expiration of the 120-day time limit, resulting in the denial of the post-sentence motion by operation of law, is a legal nullity due to the [trial] court's lack of jurisdiction").

motion, then the appellant's challenge is waived. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

In ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987), our Supreme Court held that if an appellant fails to file a brief containing a Rule 2119(f) statement[9] and the Commonwealth objects, this Court cannot ignore the procedural defect and must deny the petition for allowance of appeal challenging the discretionary aspects of the sentence.[10] ***Tuladziecki***, 522 A.2d at 19-21.

In seeking his appeal, the record demonstrates that Appellant filed a timely notice of appeal, as discussed *supra*, and properly preserved a

---

[9] Pennsylvania Rule of Appellate Procedure 2119(f) requires "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter [to] set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f). The failure to include a Rule 2119(f) statement in the brief amounts to a procedural defect.

[10] In prior appeals challenging discretionary aspects of sentence, this Court has interchangeably referred to its disposition as "quashal," "dismissal," or "denial of the petition for allowance of appeal challenging discretionary aspects of sentence." ***See Commonwealth v Felix***, 539 A.2d 371, 376 (Pa. Super. 1988), *appeal denied*, 539 A.2d 371 (Pa. 1990). The correct disposition is to "deny the petition for allowance of appeal challenging the discretionary aspects of sentence" because it most closely tracks the legislative intent to permit review of discretionary sentencing challenges only when certain procedural prerequisites have been met. ***See*** 42 Pa.C.S.A. § 9781(b); ***see also Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004).

challenge to the discretionary aspect of his sentence in his November 2022 post-sentence motion. A review of Appellant's brief, however, reveals that Appellant failed to include a Rule 2119(f) statement in his brief. Furthermore, the Commonwealth objected to Appellant's failure to include a Rule 2119(f) statement in his brief. *See* Commonwealth Brief at 10 (stating, Appellant "failed to include in this brief a [Rule] 2119(f) statement, which results in [waiver] of [Appellant's] sentencing issue on appeal"). This defect, coupled with the Commonwealth's objection to the same, precludes a merit review of Appellant's issue. Therefore, Appellant waived his challenge to the discretionary aspect of his sentence for failure to invoke this Court's jurisdiction. Consequently, Appellant's petition for allowance of appeal is denied for failure to invoke this Court's jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence.

Petition for allowance of appeal denied. Judgment of sentence affirmed. Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2024